IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. GERBER,
an individual,
      Plaintiff,                  No. CIV S-07-0785 WBS JFM PS

   vs.

CITIGROUP, INC., etc., et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se[1] with a complaint alleging, *inter alia*, violation of the Truth in Lending Act, and was referred to the undersigned pursuant to Local Rule 72-302(c)(21).

        On July 10, 2007, plaintiff filed a motion for leave to conduct limited, early, expedited discovery from defendant Harris & Zide.  Plaintiff seeks leave of court to propound interrogatories, requests for production of documents and requests for admissions in an effort to identify and locate a defendant named Chris Seki for purposes of service of process.  Plaintiff noticed the hearing for August 2, 2007.  The certificate of service appended to the motion reflects service on defendants by mail on July 9, 2007.

        On July 17, 2007, plaintiff filed a notice of corrected motion for leave to conduct discovery.  The certificate of service appended to the corrected motion reflects service by mail on defendants on July 17, 2007.

---

[1] The California State Bar website lists plaintiff as an inactive member of the state bar. http://members.calbar.ca.gov/search/member_search.aspx?ms=Gerber%2C+Joseph.

1

Defendants object on two grounds.  First, defendants contend plaintiff's motion is untimely in that it provided insufficient notice.  Second, defendants contend that service of process does not constitute good cause for early discovery.

Plaintiff served defendants by mail on July 9, 2007.  Local Rule 230(b) provides that "all motions shall be noticed on the motion calendar . . . not less than thirty-one (31) days after mailed or electronic service and filing of the motion." (Local Rule 230(b).)  The earliest date plaintiff's motion could be heard would be August 10, 2007. (Applying Rule 6(a) of the Federal Rules of Civil Procedure for computation calendaring period, so that the day of the event from which the designated period of time begins to run shall not be included.)  Accordingly, the July 10, 2007 motion will be denied as untimely noticed.

The corrected motion neither rectified nor addressed the date of the hearing, and was filed eight days later.  The earliest that motion could be noticed for hearing was August 23, 2007. (Local Rule 230(b).)  Because plaintiff is proceeding pro se, the court will continue the July 17, 2007 motion for hearing on August 23, 2007.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's July 10, 2007 motion is denied as untimely.

2. Plaintiff's July 17, 2007 corrected motion is continued from August 2, 2007 to August 23, 2007, at 11:00 a.m. in Courtroom #26 before the undersigned.

3. Counsel shall file their discovery dispute stipulation, as required by Local Rule 37-251, on or before close of business Monday, August 20, 2007.

DATED: July 26, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; gerber.4m