IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. GERBER,
an individual,

       Plaintiff,                    No. CIV S-07-0785 WBS JFM PS

    vs.

CITIGROUP, INC., etc., et al.,        ORDER

       Defendants.
_____/

       This matter came on regularly for hearing August 23, 2007. Joseph E. Gerber appeared in propria persona. Marcos D. Sasso appeared for Citibank (South Dakota), N.A. Vincent Scott Green appeared for defendants Harris & Zide, Flint C. Zide, Arthur W. Swachman and Robert Lee. Theresa M. LaVoie appeared for defendants United Collection Bureau, Inc. and Tamara Henry.

       On August 15, 2007, plaintiff filed a document entitled "Ex Parte Request by Plaintiff to Continue Hearing Dates on, and to Extend Time for Opposition to, Citigroup, Inc.'s Motion to Compel Arbitration or Stay Action and Harris & Zide's, Zide's Schwachman's and

1

1  Lee's Motion to Dismiss and Motion to Strike." First, the court notes that the filing was not "ex
2  parte" as plaintiff served the request on all counsel.[1]

3  Plaintiff's request for continuance of the August 23 hearing was timely under
4  Local Rule 78-230(g). Local Rule 78-230(g) provides that "[r]equests for continuances of
5  hearings on the motion calendar, upon stipulation or otherwise, shall be made to the Judge or
6  Magistrate Judge on whose calendar the matter is set, at least five (5) court days prior to the
7  scheduled hearing date. All stipulations for continuance shall be submitted for approval to the
8  Court." Local Rule 78-230(g).

9  However, plaintiff's request for extension of time to file his oppositions was
10 untimely. "The Court may, in its discretion, grant an initial extension <u>ex parte</u> upon the affidavit
11 of counsel that a stipulation extending time cannot reasonably be obtained, explaining the
12 reasons why such a stipulation cannot be obtained and the reasons why the extension is
13 necessary. Except for one such initial extension, <u>ex parte</u> applications for extension of time will
14 not ordinarily be granted." Local Rule 6-144(c).

15 "Counsel shall seek to obtain a necessary extension from the Court or from other
16 counsel or parties in an action *as soon as the need for an extension becomes apparent*. Requests
17 for Court-approved extensions brought on the required filing date for the pleading or other
18 document are looked upon with disfavor." Local Rule 6-144(d) (emphasis added). "No party
19 will be entitled to be heard in opposition to a motion at oral arguments if opposition to the
20 motion has not been timely filed by that party." Local Rule 78-230(c).

21 In the instant action, plaintiff's "ex parte request" was filed on August 15, 2007,
22 five days after his oppositions to the motion to compel arbitration or stay the action and the

---

[1] Ex parte is defined as "On one side only; by or for one party; done for, in behalf of, or on the application of, one party only." Black's Law Dictionary 517 (5th ed. 1979). "A judicial proceeding, order, injunction, etc., is said to be <u>ex parte</u> when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested." <u>Id.</u>

2

motion to dismiss or motion to strike were due, in violation of Local Rule 6-144(d). Plaintiff did not provide an affidavit explaining why a stipulation extending time could not reasonably be obtained, and he did not explain why he did not seek the extension earlier. The motion to compel was initially filed on June 20, 2007; the first motion to dismiss was filed June 18, 2007. While both motions were later amended, hearings on both motions were continued to August 23, 2007. Thus, plaintiff was on notice for almost two months that his oppositions would be due shortly. Because plaintiff's request for extension was untimely, it was denied in open court and the court heard oral argument on the pending motion for arbitration and motion to dismiss. Local Rule 78-230(c). However, plaintiff was granted an additional ten days to file any written opposition he may have to the pending motions not previously opposed.

On July 17, 2007, plaintiff filed a notice of corrected motion for leave to conduct limited, early, expedited discovery from defendant Harris & Zide. Plaintiff's motion was denied in open court for failure to comply with the local rules. Accordingly, plaintiff's counter motion to strike defendants' opposition to conduct limited early expedited discovery will be denied.

On August 9, 2007, plaintiff filed an amended complaint. Defendants object that plaintiff was required to file a motion to amend and failed to properly execute service of process.

In this circuit, there is a policy favoring granting leave to amend. The Rules require that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Federal policy strongly favors determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. Foman v. Davis, 371 U.S. 178, 182 (1962); FilmTec Corp. v. Hydranautics, 67 F.3d 931, 935-36 (Fed. Cir. 1995); Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). Thus, while "leave to amend should not be granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to amend are limited." Ynclan v. Department of Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991).

In addition, the party seeking the right to amend is not always required to file a separate formal motion. Leave to amend has been granted where plaintiff "expressly requested" to amend even though the request "was not contained in a properly captioned motion paper." Scott v. Eversole Mortuary, 522 F.2d 1110, 1116, n.8 (9th Cir. 1975); Edwards v. Occidental Chemical Corp., 892 F2d 1442, 1445-46, n.2 (9th Cir. 1990) (request in opposition to summary judgment); Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F3d 402, 409 (8th Cir. 1999).

This court finds that plaintiff was entitled to file an amended complaint as of right. Fed. R. Civ. P. 15. Plaintiff is cautioned, however, that if he wishes to file an amended complaint in the future, he must file a motion to amend and append the proposed second amended complaint.[2]

On July 19, 2007 and August 15, 2007, defendants also moved, inter alia, to strike the original complaint and the amended complaint based on the above defects.

---

[2] However, plaintiff is cautioned that service of the amended complaint was ineffective. As long as the original pleading was served in accordance with Fed. R. Civ. P. 4 (i.e., by personal service or other acceptable means), the amended pleading may be served by mail on the party's attorney, or otherwise in conformity with Fed. R. Civ. P. 5. It need not be accompanied by an additional summons. But when an amended complaint names a new party, a summons must be issued on the amended complaint. Where the original complaint names defendant individually, and the amended complaint alleges claims against him or her in a different capacity (e.g., as trustee or as a state official), "new service within the statute of limitations is necessary in order to satisfy the due process requirement of notice when there is to be a change in the status of defendants." See Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1995)(change in defendant's status is treated as a change in party); Jackson v. Hayakawa, 682 F.2d 1344, 1348 (9th Cir. 1982)(change of status from being sued in official capacity to individual capacity required new summons). The summons and amended complaint must then be served on the newly-added party in accordance with Fed. R. Civ. P. 4 or by mail with acknowledgment of receipt. Fed. R. Civ. P. 5(a).
   Here, plaintiff filed the amended complaint on August 9, 2007, and then filed a proof of service attesting to August 10, 2007 hand-delivery of the first amended complaint, opposition to defendants' motion for judgment on the pleadings, declaration of plaintiff and request for judicial notice on Julia B. Strickland, Andrew W. Moritz and A.R. Kachadoorian (for Citigroup, Inc.) and Vincent S. Green (for Harris & Zide, Flint C. Zide, Arthur W. Schwachman and Robert Lee). Plaintiff failed to have summons issued, failed to serve summons and complaint on the newly-named defendant or on those defendants whose legal status was changed in the amended complaint, and also failed to provide an appropriate certificate of service attesting to service on all previously-appearing defendants by serving their counsel by mail. Accordingly, service of the amended complaint was ineffective. Of course, plaintiff may seek a stipulation from opposing counsel to accept service on behalf of these defendants.

1       Federal Rule of Civil Procedure 12(f) provides "upon motion made by a party
2 before responding to a pleading . . . the court may order stricken from any pleading any
3 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.
4 Civ. P. 12(f).  The purpose of a motion to strike is to avoid the expenditure of time and money
5 that will arise from litigating "spurious issues" by eliminating those issues prior to trial.  Fantasy,
6 Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517
7 (1994).  Generally, "motions to strike are regarded with disfavor because they are often used as
8 delaying tactics, and because of the limited importance of pleadings in federal practice."
9 Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal. 1996); accord Stanbury Law Firm v.
10 I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000).  "Courts must view the pleadings under attack in the
11 light more favorable to the pleader." Lazar v. Trans Union LLC, 195 F.R.D. 665, 669
12 (C.D.Cal.2000).  Motions to strike are generally not granted unless it is clear that the matter at
13 issue could have no possible bearing on the subject matter of the case.  Id.

14       In the instant case, requiring plaintiff to file a motion to amend the complaint now
15 would simply delay this case further.  It does not appear that the amendments to the complaint
16 have changed the nature of the case in such a way that the court could not address the parties'
17 previous dispositive motions.  In particular, the motion to compel arbitration and for stay does
18 not rest on the pleadings.  In addition, in light of the prior continuances of the pending motions,
19 plaintiff has had more than sufficient time to either file a timely opposition or to timely seek an
20 extension of time to file oppositions to the motions, neither of which he did.

21       Accordingly, plaintiff's ex parte request for extension of time will be denied as
22 untimely.  Defendants' motions to strike will be denied.  The amended complaint will stand as
23 filed; however, plaintiff is cautioned that he has not accomplished service of process on the
24 newly-named defendant and those defendants whose legal status was changed in the amended
25 complaint.  On August 23, 2007, plaintiff filed a request for extension of time in which to serve
26 defendant Chris Seki.  Good cause appearing, plaintiff's request will be granted.  Plaintiff will be

1  granted a brief extension of time in which to accomplish service of process on Chris Seki, the
2  newly-named defendants and those defendants whose legal status was changed in the amended
3  complaint.  Fed. R. Civ. P. 4(m).
4  All Pending Dates Vacated
5        In light of the above, the September 13, 2007 status conference, the September 27,
6  2007 hearing on defendants' renewed motion to dismiss or motion to strike, and the Fed. R. Civ.
7  P. 26(f) deadlines were vacated.  The Fed. R. Civ. P. 26(f) deadlines shall be recalculated from
8  the date of any order by the district court addressing this court's findings and recommendations
9  on the pending motion to compel arbitration.
10  Motion for Judgment on the Pleadings
11        Defendants United Collection Bureau, Inc. and Tamara Henry filed a motion for
12  judgment on the pleadings.  Plaintiff filed an opposition and moving defendants filed a reply.
13        A motion for judgment on the pleadings must be brought "after the pleadings are
14  closed and within such time as to not delay the trial."  Fed. R. Civ. P. 12(c).  The close of
15  pleadings refers to the time when all required or permitted pleadings have been served and filed.
16  See Doe v. U.S., 419 F.3d 1058, 1061 (9th Cir.2005); see also Stands Over Bull v. B.I.A., 442
17  F.Supp. 360, 367 (D.Mont. 1977).
18        In the instant case, only two defendants have filed an answer.  One defendant has
19  filed a motion to compel arbitration and other defendants have filed a motion to dismiss under
20  Fed. R. Civ. P. 12(b)(6).  The motion for judgment on the pleadings must be denied because the
21  pleadings are not "closed" since the other defendants have not yet answered.  Stands Over Bull,
22  442 F.Supp. 360, 367 (D. Mont. 1977).  Because the motion for judgment on the pleadings is
23  premature, the motion will be denied without prejudice.
24  Defendants' Motion to Dismiss or to Strike; Plaintiff's Motion to Strike
25        Oral argument on the pending dispositive motions was held and plaintiff was
26  provided a brief opportunity in which to file written opposition, despite Local Rule 78-230(c)

which provides he may not be heard in opposition because he failed to timely file an opposition. Plaintiff has now filed his opposition.

In findings and recommendations issued herewith, the court has recommended that defendant Citibank's motion to compel arbitration be denied. Accordingly, defendants' motion to dismiss or to strike will be denied without prejudice to renewal once the district court either adopts or rejects the findings and recommendations. It would be inappropriate to address the merits of plaintiff's motion to strike certain affirmative defenses from defendants United Collection Bureau, Inc. and Tamara Henry's answer until the district court rules on the findings and recommendations. These motions will be denied without prejudice to their renewal, if appropriate, following issuance of the district court's order.[3]

Accordingly, IT IS HEREBY ORDERED that:[4]

1. Plaintiff's August 15, 2007 request to continue hearings [docket no. 80] is denied.

2. Plaintiff's August 15, 2007 ex parte request to extend time to oppose pending motions [docket no. 80] is denied as untimely. Plaintiff is granted until close of business September 7, 2007 in which to file written opposition to any of the pending motions.

3. Plaintiff's July 17, 2007 motion for leave to conduct early discovery [docket no. 62] is denied.

4. The September 13, 2007 status conference is vacated.

5. The September 27, 2007 hearing on defendants' renewed motion to dismiss or motion to strike is vacated.

---

[3] As noted by plaintiff, defendants included challenges to plaintiff's original complaint as well as to his amended complaint. Because the instant order finds plaintiff was entitled to file an amended complaint, defendants' motion to dismiss, if renewed, should be directed to the operative amended complaint, filed August 9, 2007.

[4] As noted above, rulings 1 - 6, infra, were issued in open court. For consistency purposes, however, those rulings are referenced in the present tense. See August 23, 2007 Minutes.

7

6. The Fed. R. Civ. P. 26(f) deadlines are vacated but shall be recalculated, if appropriate, from the date of any order by the district court addressing the findings and recommendations on defendant Citibank's motion to compel arbitration.

7. Plaintiff's counter motion to strike defendants' opposition to conduct limited early expedited discovery [docket no. 66] is denied.

8. Plaintiff's August 9, 2007 amended complaint [docket no. 73] is properly filed pursuant to Fed. R. Civ. P. 15.

9. Defendants' July 19, 2007 and August 15, 2007 alternative motions to strike the original and amended complaint [docket nos. 52 & 76] are denied.

10. Plaintiff's August 23, 2007 request for extension of time to serve Chris Seki [docket no. 95] is granted; Plaintiff is granted ninety days in which to accomplish service of process on Chris Seki, the newly-named defendants and those defendants whose legal status was changed in the amended complaint. Fed. R. Civ. P. 4(m).

11. Defendants' motion for judgment on the pleadings [docket no. 53] is denied without prejudice.

12. Plaintiff's June 25, 2007 motion to strike affirmative defenses [docket no. 44] is denied without prejudice.

13. The motion to dismiss [docket no. 52], filed by defendants Harris & Zide, Flint C. Zide, Arthur W. Schwachman and Robert Lee on August 17, 2007, is denied without prejudice.

DATED: February 29, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; gerber.cuo