IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. GERBER,
an individual,

        Plaintiff,                    No. CIV S-07-0785 WBS JFM PS

   vs.

CITIGROUP, INC., etc., et al.,

        Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se[1] with a complaint alleging, *inter alia*, violation of the Truth in Lending Act and Fair Debt Collection Practices Act ("FDCPA"), and was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Pursuant to the findings and recommendations issued February 28, 2008, and adopted by the district court on March 21, 2008, plaintiff's state law claims are governed by California law. (February 28, 2008 Findings and Recommendations at 3.)

        Three motions came on regularly for hearing June 5, 2008: Defendant Harris & Zide's (H&Z[2]) motion to dismiss and motion to strike certain claims, and motion for Fed. R. Civ.

---

[1] The California State Bar website lists plaintiff as an inactive member of the state bar. http://members.calbar.ca.gov/search/member_search.aspx?ms=Gerber%2C+Joseph.

[2] Defendants Harris & Zide, a California partnership; Flint C. Zide, an individual, Arthur W. Shwachman, an individual and Robert Lee, an individual, moved to strike the first amended complaint in their reply brief concerning their pending motion to dismiss. (Docket No. 76.) In the interest of brevity, these defendants will be referred to as defendants H&Z.

1  P. 11 sanctions (Docket No. 107), Defendants United Collections Bureau and Tamara Henry's
2  motion to dismiss for failure to state a claim (Docket No. 109)(hereafter "UCB"); and Plaintiff's
3  motion to strike material in Citibank's answer and to dismiss Citibank's counterclaim (Docket
4  no. 115).  Plaintiff appeared in propria persona.  Julia Strickland, Marcos Sasso, A.R.
5  Kachadoorian appeared on behalf of defendants Citibank (South Dakota) and Citigroup Inc.
6  Mark E. Ellis, Theresa M. LaVoie and June Coleman appeared on behalf of defendants United
7  Collection Bureau, Inc. and Tamara Henry.  Vincent Scott Green appeared on behalf of
8  defendants Harris & Zide, Flint Zide, Arthur W. Swachman and Robert Lee.  Upon review of the
9  motions and the documents in support and opposition, upon hearing the arguments of plaintiff
10 and defense counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

11            Plaintiff alleges defendants engaged in behavior proscribed by the FDCPA and the
12 Rosenthal Act.[3]  (First Amended Complaint, passim.)  Plaintiff alleges, *inter alia*, that defendants
13 "kept a state court collection lawsuit secret from plaintiff and his attorney for nearly a year while
14 supposedly communicating in good faith as to an alleged debt."  (Opp'n. at 12.)  Plaintiff claims
15 defendants did this "so they could commit aggressive and egregious violations of fair debt
16 collection laws while retaining a hidden 'hole card' for privilege and immunity defenses against
17 any federal fair debt collection action or related tort claim."  (Id.)

18            All moving defendants contend they are protected from plaintiff's second claim
19 (FDCPA) by the Noerr-Pennington doctrine because their acts were taken pre- and during state
20 court litigation to obtain plaintiff's payment on his credit card account.  Defendants contend all

---

[3] The Rosenthal Act notice provision provides: "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at your work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FDC-HELP or www.ftc.gov." Cal. Civ.Code § 1812.700.

of plaintiff's state pendant claims:  claims seven (Rosenthal Fair Debt Collection Practices Act Violations), fifteen (Intentional Infliction of Emotional Distress), sixteen (Negligent Infliction of Emotional Distress), and seventeen (California's Unfair Business Practices Act), are barred under California Civil Code § 47(b) litigation privilege because they were undertaken in their efforts to collect payment on a debt owed.[4]

  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

  Generally, in the context of a motion to dismiss, review is limited to the contents in the complaint.  Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995).  When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment.  However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989).  Where a plaintiff fails to attach

---

[4] California Civil Code § 47(b) provides, in pertinent part, that a privilege attaches to a publication or broadcast made in any judicial proceeding. The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990).

3

to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim.  See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds).  Thus, the district court may consider the full texts of documents that the complaint only quotes in part.  See In re Stac Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105 (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir.1998).  Thus, a court may consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Records from the state court are subject to judicial notice.  Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid. 201(d).

> The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).  The FDCPA was designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether valid debt actually exists.  Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982).

In the Ninth Circuit, a violation of the FDCPA is measured by the objective standard of "least sophisticated debtor."  For example, if defendant's letter and telephone call are likely to deceive or mislead a hypothetical 'least sophisticated debtor,' defendants have violated Section 1692e.  Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir.1996).

/////

>Claims are thus viewed from the "perspective of a consumer whose circumstances make [ ] him relatively more susceptible to harassment, oppression, or abuse" than the average consumer. Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1110 (C.D.Cal.2005). The Court, not the jury, determines whether a collection letter violates the Act by applying this "least sophisticated debtor" standard. Hapin v. Arrow Financial Servs., 428 F.Supp.2d 1057, 1060 (N.D.Cal.2006); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1225-26 (9th Cir.1988); Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir.1997); see also Baker v. Citibank (South Dakota) N.A., 13 F.Supp.2d 1037, 1041 (S.D.Cal.1988).
>
>The least sophisticated debtor "standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Terran, 109 F.3d at 1431. "The FDCPA is a strict liability statute." Irwin v. Mascott, 112 F.Supp.2d 937, 963 (N.D.Cal.2000). Therefore, a plaintiff need not prove a defendant knew their debt collection practices were illegal or that a defendant had the intent to violate the law. Id. In addition, the FDCPA is a remedial statute and, thus, it must be construed liberally in favor of the debtor. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1175-76 (9th Cir.2006). Under the FDCPA, a debt collector is prohibited from making false or misleading statements in connection with the collection of any debt. See 15 U.S.C. § 1692e. Threats to take action that a debt collector may not legally take, or does not intend to take are actionable under the statute. 15 U.S.C. § 1692e(5). The FDCPA also prohibits debt collectors from making false representations or using deceptive means to collect a debt. 15 U.S.C. § 1692e(10).

Gonzales v. Arrow Financial Services, LLC, 489 F.Supp.2d 1140, 1146-47 (S.D. Cal. 2007).

The Noerr-Pennington doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. Empress LLC v. City & County of S.F., 419 F.3d 1052, 1056 (9th Cir. 2005) (citing Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1092 (9th Cir. 2000)).

The Court of Appeals for the Ninth Circuit has concluded that "the Noerr-Pennington doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." Sosa v.

DirecTV, Inc., 437 F.3d 923, 937 (9th Cir.2006)(Noerr-Pennington immunity extends to actions seeking to impose RICO liability); see also White v. Lee, 227 F.3d 1214, 1231 (9th Cir.2000) (holding that because it "is based on and implements the First Amendment right to petition," the Noerr-Pennington doctrine is not limited to the antitrust context, but "applies equally in all contexts"). "Under the Noerr- Pennington rule of statutory construction, we must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." Sosa, 437 F.3d at 937. Moreover, "the law of this circuit establishes that communications between private parties are sufficiently within the protection of the Petition Clause to trigger the Noerr-Pennington doctrine, so long as they are sufficiently related to petitioning activity." Id.

Other circuits have adopted the expansive view of Noerr-Pennington doctrine immunity. DirecTV v. Milliman, 2003 WL 23892683 (E.D. Mich. 2003), citing Coastal States Mktg v. Hunt, 694 F.2d 1358, 1367 (5th Cir. 1983).[5] In DirecTV, the court found that Noerr-Pennington immunity applied broadly, even though the defendant was alleged to have employed deceptive and unethical terms as alleged here. Id. at 8, citing Santanta Prods. v. Bobrick Washroom Equip., Inc., 249 F.Supp.2d 463 (M.D. Pa. 2003), affirmed, 401 F.3d 123 (3rd Cir. 2005), cert. denied, 126 S.Ct. 734 (2005). However, none of these applications were in the FDCPA context.

/////

---

[5] As a First Amendment doctrine, the immunity extends beyond antitrust claims. Pennwalt Corp. v. Zenith Lab., Inc., 472 F.Supp. 413, 424 (E.D.Mich.1979). Clearly, pre-suit demand letters are a type of conduct protected by the doctrine. Coastal States Mktg., Inc. v. Hunt, 694 F.2d 1358, 1367 (5th Cir.1983) (stating that "those acts reasonably and normally attendant upon effective litigation" are immunized, including warnings that litigation will be commenced and efforts to settle); Neway Anchorlok Int'l, Inc. v.. Longwood Indus., 107 F.Supp.2d 810, 813 (W.D.Mich.1999); In re Cardizem CD Antitrust Litigation, 105 F.Supp.2d 618, 637 (E.D.Mich.2000) (extending immunity to "pre-litigation threats of suit, demand letters, and communications about pending suits"). In fact, other lawsuits involving DirecTV have been dismissed based on similar state anti-SLAPP laws. E.g., Buckley v. DirecTV, Inc., No. 03-484MHS, 2003 WL 21955876 (N.D.Ga. Jun.26, 2003) (Georgia statute).

In addition, the Ninth Circuit has not specifically found that the Noerr-Pennington doctrine applies to FDCPA cases. At least one district court has found that it does not apply to FDCPA cases. Irwin v. Mascott, 112 F.Supp.2d 937 (N.D.Cal. 2000) (Debt collector's attorneys were not immune from civil liability under the FDCPA and the California Unfair Business Practices Act by virtue of their participation in administrative or judicial proceedings). But see Johnson v. JP Morgan Chase Bank DBA Chase Manhattan, et al., 536 F.Supp.2d 1207 (E.D. Cal. 2008).[6]

Courts in the Sixth Circuit have also found that the Noerr-Pennington doctrine is not applicable to FDCPA claims even if the debt collectors at issue were attorneys. For example, Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006)(law firm not entitled to absolute immunity in FDCPA case); Ison v. Javitch, Block & Rathbone, 2007 WL 2769674 (S.D.Ohio 2007).[7]

/////

/////

---

[6] The Johnson court held: (1) to the extent that debtor's allegations did not implicate activity proscribed by California's Rosenthal Fair Debt Collection Practices Act, and included activity solely within the litigation context, they were barred by California's litigation privilege; (2) federal claims under Racketeer Influenced and Corrupt Organizations Act (RICO) and Fair Debt Collection Practices Act (FDCPA) preempted California's litigation privilege; and (3) Fair Credit Reporting Act (FCRA) preempted debtor's causes of action for defamation, fraudulent misrepresentation, negligent misrepresentation, unfair competition, and intentional infliction of emotional distress. Id., 536 F.Supp.2d 1207 (E.D. Cal. 2008).

[7] In Ison, defendants raised several arguments of immunity, including, absolute immunity under the witness immunity doctrine, absolute immunity from statements made in the course of a judicial proceeding, qualified immunity under the First Amendment and the Noerr-Pennington doctrine as well as arguments that the FDCPA is unconstitutional. These issues have been ruled upon time and time again, most recently in Gionis v. Javitch, Block & Rathbone, LLP, 2007 U.S.App. LEXIS 14054 (6th Cir.2007) (finding that litigation immunity, witness immunity or qualified immunity under the First Amendment do not shield defendants from liability under the FDCPA). Although not specifically addressed in Gionis, the Ison court found defendants were also not entitled to immunity under the Noerr-Pennington doctrine. See Heintz v. Jenkins where the Supreme Court held that "the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Id., 514 U.S. 291, 299 (1995). If the Supreme Court wanted the Noerr-Pennington doctrine to apply, it would have found otherwise.

But, most importantly, the United States Supreme Court has held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

This court is unpersuaded that the Noerr-Pennington doctrine bars actions under the FDCPA. Rather, this court finds persuasive the reasoning of Sial v. Unifund CCR Partners, 2008 WL 4079281, *3-5 (S.D.Cal. Aug.28, 2008), in which the court held that the doctrine did not bar an FDCPA claim. The Sial court relied on the Supreme Court's decision in Heintz, which held that litigating attorneys were "debt collectors" under the FDCPA. Although Heintz did not directly address the instant question, the holding of Heintz strongly suggests that the Noerr-Pennington doctrine does not apply to FDCPA actions.

Here, plaintiff alleges multiple instances of harassing communications and conduct.[8] To find defendants immunized by the Noerr-Pennington doctrine would eviscerate the Fair Debt Collection Practices Act. Debt collectors should not be able to employ tactics forbidden by the FDCPA simply because they also happen to be lawyers, or because they are attempting to collect on a debt owed.

With regard to the California litigation privilege, this court again finds the Sial court's reasoning persuasive. Sial, 2008 WL 4079281 at *5.

> California Civil Code § 47(b) provides, in pertinent part, that a privilege attaches to a publication or broadcast made in any judicial proceeding. The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). Here, the parties do not dispute that the scope of the litigation privilege generally includes the actions alleged by Plaintiff.

/////

---

[8] Plaintiff failed to include dates for all of his allegations, so this court is unable to differentiate between pre-, during and post-litigation allegations at this time. (First Amended Complaint, passim.)

> The parties also acknowledge a split in opinion among federal district courts as to whether the Rosenthal Act and the litigation privilege are irreconcilable. Compare Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1100 (C.D.Cal.2006) (Rosenthal Act not reconcilable with litigation privilege ); Butler v. Resurgence Financial, LLC, 521 F.Supp.2d 1093, 1095-97 (C.D.Cal.2007) (following Oei); Mello v. Great Seneca Financial Corp., 526 F.Supp.2d 1024, 1030-31 (C.D.Cal.2007) (same); with Taylor v. Quall, 458 F.Supp.2d 1065, 1067-69 (C.D.Cal.2006) (litigation privilege precludes Rosenthal Act claims); Nickoloff v. Wolfpoff & Abramson, L.L.P., 511 F.Supp.2d 1043, 1045-46 (C.D.Cal.2007) (distinguishing Oei, finding Rosenthal Act and litigation privilege not irreconcilable); Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158, 1162-65 (N.D.Cal.2007) (same). Having considered these divergent cases, the court agrees with those courts that have found the litigation privilege and the Rosenthal Act irreconcilable. "Applying the privilege . . . would effectively vitiate the Rosenthal Act and render the protections it affords meaningless." Oei, 486 F.Supp.2d at 1100. Thus, the court "applies the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one," id. at 1100, and finds that the Rosenthal Act prevails over the statutory litigation privilege.

Sial, 2008 WL 4079281 at *5. Because the FDCPA applies to this case, the court also finds the Rosenthal Act applicable. But see Lopez Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158, 1163-64 (N.D.Cal.2007) (discussing cases). Accordingly, this court finds that defendants are not protected under the Noerr-Pennington doctrine or California's litigation privilege.[9] Thus, defendants' motion to dismiss or strike claims on the grounds of litigation privilege should be denied.

However, defendants who are also lawyers are expressly omitted from claims under the Rosenthal Act pursuant to its plain language. The Rosenthal Act "explicitly excludes attorneys from the definition of 'debt collectors' while the FDCPA does not." Lopez Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158 (N.D. Cal. 2007), citing Cal. Civ. Code § 1788.2(c); 15 U.S.C. § 1692a(6).

---

[9] Moreover, the federal claims preempt the litigation privilege. See, e.g. Martinez v. California, 444 U.S. 277, 284, 100 S.Ct. 553 (1980) (holding that a 42 U.S.C. § 1983 claim preempts the state litigation privilege); Johnson v. JP Morgan Chase Bank DBA Chase Manhattan, et al., 536 F.Supp.2d 1207 (E.D. Cal. 2008)(see n.6 at 6, *infra*).

9

> The California legislature incorporated sections of the FDCPA into the RFDCPA[10] in 1999, four years after Heintz was handed down. See Cal. Civ.Code § 1788.17. . . . Upon review, the Court finds that Heintz did not consider the FDCPA in conjunction with the California litigation privilege at issue here, nor is there a parallel holding regarding the RFDCPA. In addition, while the California Legislature did incorporate parts of the FDCPA into the RFDCPA in 1999, four years after Heintz was handed down, it did not incorporate the section at issue in Heintz, 15 USC 1692a(6), which defines "debt collector." See Cal. Civ.Code § 1788.17; Heintz, 514 U.S. at 293, 115 S.Ct. 1489. Instead, California retained the prior RFDCPA-specific definition of "debt collector" which included an "attorney exemption." See Cal. Civ.Code § 1788.2(c). Thus, the incorporation of the FDCPA into the RFDCPA does not support Plaintiff's contention that the RFDCPA trumps the litigation privilege.

Lopez Reyes, 525 F.Supp.2d at 1165. Therefore, this court must grant the motion to dismiss Rosenthal claims brought against defendants Zide, Schwachman and Lee who are individual attorneys. Because of the conflicting language between the FDCPA and the RFDCPA, the court will not impose Rule 11 sanctions on plaintiff for including Rosenthal claims against parties known to him to be attorneys at law.

Defendants also seek dismissal of plaintiff's emotional distress claims. The Oei court stated:

> California courts have regularly applied the litigation privilege to common law emotional distress claims. See Kachig, 22 Cal.App.3d at 640-41, 99 Cal.Rptr. 393; see also Rusheen, 37 Cal.4th at 1064, 39 Cal.Rptr.3d 516, 128 P.3d 713; Jeffrey H. v. Imai, Tadlock & Keeney, 85 Cal.App.4th 345, 101 Cal.Rptr.2d 916. 361 (2000) ("As noted in Silberg, a line of decisions holds that Civil Code section 47, subdivision (b)(2), immunizes defendants from tort liability based on theories of intentional infliction of emotional distress"); Begier v. Strom, 46 Cal.App.4th 877, 882, 54 Cal.Rptr.2d 158 (1996) ("Insofar as plaintiff alleges defendant made false accusations within the dissolution action, defendant's statements are privileged and cannot give rise to a cause of action for intentional infliction of emotional distress"); Laffer v. Levinson, Miller, Jacobs & Phillips, 34 Cal.App.4th 117, 122, 40 Cal.Rptr.2d 233 (1995) ("This privilege is a defense to other torts

---

[10] "RFDCPA" is the acronym for California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. Lopez Reyes, 525 F.Supp.2d at 1158.

as well as defamation, including, as alleged here, intentional interference with economic relations and intentional infliction of emotional distress").

Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1101-02 (C.D.Cal. 2006); see also Foothill Fed. Credit Union v. Sup. Court of Los Angeles County, 155 Cal.App.4th 632, 66 Cal.Rptr.3d 249 (2007) (litigation privilege applies to and bars intentional infliction of emotional distress claim). Because plaintiff's state law claims are governed by California law, plaintiff's separate tort law claims for emotional distress damages must be dismissed. Id. However, plaintiff may pursue his claim for actual damages for emotional distress under the FDCPA.[11] See Davis v. Creditors Interchange Receivable Management, LLC, ____ F.Supp.2d ____, 2008 WL 4878322 (N.D. Ohio). Claims fifteen and sixteen will be dismissed without prejudice to plaintiff's claim for actual damages for emotional distress under the FDCPA.

      Plaintiff's seventeenth claim is for violation of the California Unfair Business Practices Act, California Business and Professions Code § 17200, et seq., referred to as the "Unfair Competition Law" or "UCL." This statutory scheme prohibits "unlawful, unfair or fraudulent business act or practice." Cal. Bus. Prof. Code § 17200. A cause of action under this section must be based on some predicate act involving a violation of some other statute. Cel-Tech Communications v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999).

      Here, the FDCPA "protects the ethical debt collector from unfair competition." Irwin v. Mascott, 112 F.Supp.2d 937, 963 (N.D. Cal. 2000). Violations of the FDCPA can trigger the application of the Unfair Business Practices Act in California by punishing unfair and anti-competitive business practices. Id.

---

[11] Generally, the FDCPA permits recovery of actual damages for emotional distress. Under the FDCPA, 15 U.S.C. § 1692k(a)(1), "any debt collector who fails to comply with [the FDCPA] with respect to any person is liable to such a person in an amount to the sum of . . . any actual damages sustained by such person as a result of such failure." The FTC Commentary to the FDCPA states that these "actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability).

11

> The FDCPA is a strict liability statute. Plaintiffs need not prove either that Defendants knew that their debt collection practices violated the law or that they intended to violate the law. Plaintiffs need only prove that (1) the Defendants knew what practices they were engaged in, and (2) the practices violated the FDCPA.

Irwin, 112 F.Supp.2d at 963. However, in 2004, California voters passed Proposition 64, which became effective November 3, 2004. See Cal. Const., art. II, § 10, subd. (a). Proposition 64

> limits the standing of plaintiffs to sue under the UCL. It eliminated the provision of Cal. Bus. & Prof. Code § 17204 authorizing initiation of a complaint by "any person acting for the interests of itself, its members, or the general public," substituting a provision for enforcement only by "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204 (2005). Proposition 64 also amended § 17203, which deals with injunctive relief. This section now provides that a private person "may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17203 and complies with Section 382 of the Code of Civil Procedure," which governs class actions. Cal. Bus. & Prof. Code § 17203. The amended statute thus bars representative actions that cannot meet the class certification requirements imposed by Cal.Civ.Proc.Code § 382. Cal. Bus. & Prof. Code § 17203.
>
> Proposition 64 makes clear that, in order to sue for injunctive relief under California's unfair business practices laws, a party must have "suffered injury in fact and [have] lost money or property as a result of such unfair competition." Id. § 17204. In addition, Proposition 64 allows representative actions for injunctive relief only if a claimant meets the section's standing requirements and the class being represented meets the California class action lawsuit standards set forth in Cal.Civ.Proc.Code § 382. See Cal. Bus. & Prof. Code § 17535.

Palmer v. Stassinos, 419 F.Supp.2d 1151, 1154 (N.D.Cal. 2005); Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181 (S.D. Cal. 2005)(standing of private plaintiffs limited to those who "suffered injury in fact and had lost money as a result of such unfair competition.")

/////
/////
/////
/////

12

Here, plaintiff alleges defendants' conduct caused him to lose money and/or property. Plaintiff also asserts that other members of the public were similarly harmed and damaged by defendants.[12]

Plaintiff's allegations are insufficient to meet the injury-in-fact standing requirement of the UCL. Restitution under the UCL is limited to either "money or property that defendants took directly from plaintiff" or "money or property in which [plaintiff] has a vested interest." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1146-1147, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003); see also Baugh v. CBS, Inc., 828 F.Supp. 745, 757-58 (N.D.Cal.1993) (dismissing a restitution claim for emotional damages because restitution requires defendant to have taken something of value from plaintiff that plaintiff asks be restored). Plaintiff has not alleged he paid interest or other fees to defendants or that defendants have otherwise profited from their actions in violating the FDCPA. Moreover, "nonrestitutionary disgorgement of profits obtained by means of an unfair business practice is not an available remedy in either an individual or representative action under the UCL." Palmer v. Stassinos, 348 F.Supp.2d 1070, 1088-89 (N.D. Cal. 2004), citing Korea Supply, 29 Cal.4th at 1152, 131 Cal.Rptr.2d 29 (nonrestitutionary disgorgement not available in an individual action); Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal.4th 116, 126 n. 10, 96 Cal.Rptr.2d 485 (2000) (nonrestitutionary disgorgement not available in a representative action).

Thus, defendants' motion to dismiss the seventeenth cause of action should be granted.[13]

Defendants seek dismissal of plaintiff's second and seventh claims and the attorney's fee claim contained within plaintiff's seventeenth claim as barred by the statute of

---

[12] This case has not been certified as a class action. Moreover, as a pro se litigant, plaintiff cannot represent the interests of a class.

[13] Requests for injunctive relief are not available under the FDCPA. See Weiss v. Regal Collections, 385 F.3d 337, 341 (3d Cir. 2004).

limitations. In addition, they argue plaintiff's claims against defendant Shwachman are barred by the statute of limitations because he was no longer employed by Harris & Zide on the date of the allegation alleged by plaintiff against defendant Shwachman.

The statute of limitations for a claim under the FDCPA is one year. Specifically, 15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurred." 15 U.S.C. § 1692k(d). Generally, "an action must be filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA." See Padilla v. Payco General American Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611. It is important to note that the FDCPA specifically states the statute of limitations runs from the "date on which the violation occurred." See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997) (holding that statute of limitations runs from the time of the purported violation); Watkins v. Peterson Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash.1999) (citing Naas) ("The [FDCPA] limitations period runs from the date of the offending act."). The court must determine what action by defendant constitutes a violation and when the alleged violation occurred.

Here, however, the first amended complaint does not include specific dates for all alleged violations. Thus, the court cannot evaluate the application of the statute of limitations at this time. Moreover, the court will not infer from defendants' proffer of a complaint filed by defendant Shwachman on behalf of Chase Bank[14] that defendant Shwachman was no longer employed at Harris & Zide after January 2006. Defendants' motion to dismiss based on violation of the statute of limitations will be denied without prejudice.

In light of the above, defendants' motion pursuant to California Code of Civil Procedure Section 425.16–the anti-SLAPP Statute–will be denied. See also Mello v. Great

---

[14] Defendants provided a copy of a complaint allegedly filed by Arthur W. Shwachman of JP Morgan Chase Legal Department, on behalf of Chase Bank USA, N.A. in the Riverside County Superior Court on March 16, 2006. (Defts.' RJN, Docket No. 13, Ex. B.) Chase Bank USA, N.A., vs. Swafford, Case No. INC 057356 (Riverside County Superior Court).

Seneca Financial Corp., 526 F.Supp.2d 1024, 1029 (C.D.Cal. 2007)("Where a cause of action refers to both protected and unprotected activity and a plaintiff can show a probability of prevailing on any part of its claim, the cause of action is not meritless and will not be subject to the anti-SLAPP procedure."); Rouse v. Law Offices of Rory Clark, 465 F.Supp.2d 1031 (S.D.Cal.2006)(consumer's claims did not arise from debt collectors' activity in furtherance of free speech or petitioning rights, as required for dismissal of claims under California's anti-SLAPP statute).

Defendants' motion to dismiss based on plaintiff's failure to obtain a pre-filing court order required by California Civil Code § 1714.10 to allege conspiracy will also be denied. This court does not read plaintiff's first amended complaint as stating a cause of action for conspiracy.

Defendants UCB and Tamara Henry have also moved to dismiss plaintiff's allegations for failure to state a claim. However, a fair reading of the amended complaint states a claim for violation of the FDCPA.

The court turns now to plaintiff's motion to strike matters from defendants' answer and affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to avoid the expenditure of time and money that will arise from litigating "spurious issues" by eliminating those issues prior to trial. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994). Generally, "motions to strike are regarded with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996); accord Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir.2000). "Courts must view the pleadings under

attack in the light more favorable to the pleader." Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D.Cal.2000). Motions to strike are generally not granted unless it is clear that the matter at issue could have no possible bearing on the subject matter of the case. Id.

The court finds plaintiff's motion to strike is not well taken. The challenged allegations of the answer and the affirmative defenses are not insufficient, immaterial or impertinent, and the motion to strike should be denied.

Finally, the court turns to plaintiff's motion to strike defendant Citibank's counter-claim. Plaintiff argues that this counter-claim is not compulsory and asserts that supplemental jurisdiction does not exist over this counter-claim. Plaintiff contends the facts and evidence are so different they do not constitute the "same case or controversy." (Opp'n. at 21.) Should the court find supplemental jurisdiction exists, plaintiff argues this court should decline to exercise supplemental jurisdiction over defendants' counter-claim that plaintiff owes defendants a valid debt because it would have a chilling effect on consumers by discouraging private enforcement, it would confuse and prejudice the trier of fact, and would make debtors vulnerable to counterclaims exceeding their TILA and FDCPA recoveries. Alternatively, plaintiff contends that the counter-claim is barred by the statute of limitations because it was filed four years beyond the date of the underlying contract or, because defendants have yet to provide a copy of the written agreement and it was filed more than two years beyond any oral contract.

As a general matter, the court should exercise its supplemental jurisdiction where, as here, state law and federal claims arise out of the same facts and constitute a single case or controversy. See 28 U.S.C. § 1367(a)[15]; Executive Software of N. America Inc. v. United States

---

[15] Section 1367 provides:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution. . . .
. . .
(c) The district courts may decline to exercise supplemental jurisdiction over a

16

Dist. Court for Cent. Dist. of Cal., 24 F.3d 1545 (9th Cir.1994); Picard v. Bay Area Transit Dist., 823 F.Supp. 1519, 1527 (N.D.Cal.1993) (where federal and state claims are based on the same factual allegations, supplemental jurisdiction exists). In Executive Software, the Ninth Circuit made clear that "once it is determined that the assertion of supplemental jurisdiction is permissible under sections 1367(a) and (b), section 1367(c) provides the only valid basis upon which the district court can decline jurisdiction and remand pendent claims." Id. at 1551.

Here, the state claims arise from a common nucleus of operative facts, specifically, the credit card agreement, and the state law claims are not sufficiently complex so as to permit declining jurisdiction under § 1367(c)(1), particularly in light of all the state law claims plaintiff has raised. Plaintiff also challenges the terms of the Card Agreement governing his account. Accordingly, plaintiff's motion to strike the counter claim should be denied.

Plaintiff's motion to dismiss on the grounds that the counter-claim is barred by the statute of limitations also fails.

Actions based on a written contract are governed by a four year statute of limitations period. Cal. Civil Code § 337. Payments on an account restart the running of the statute of limitations period. Cal. Civil Code § 360. Eilke v. Rice, 45 Cal. 66, 73 (1955). Because California law applies to this claim, "the court borrows the state's equitable tolling rules, absent a reason not to do so." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001). "[A] statute of limitations is suspended or tolled as to a defendant's then barred cause of action against the plaintiff arising out of the same transaction by the filing of

---

claim under subsection (a) if-
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. . . .
28 U.S.C. § 1367.

the plaintiff's complaint." Electronic Equipment Exp., Inc. v. Donald H. Seiler & Co., 122 Cal.App.3d 834, 844 (1981)(filing of cross-complaint waived defense of statute of limitations as to plaintiff's complaint).

In the instant action, the complaint was filed on April 25, 2007. Plaintiff's last payment on the account was posted on March 26, 2004. (Answer & Counterclaim at 32.) Plaintiff contends he can demonstrate that his last payment was made on February 14, 2004. (May 1, 2008 Motion at 24, n.6.) Under either scenario, however, the counter claim is timely as the underlying complaint was filed within the four year statute of limitations period.

In any event, defendant Citibank's claims may be used as a setoff or recoupment to reduce any amount awarded to plaintiff. See Klemens v. Air Line Pilots Ass'n, Int'l, 736 F.2d 491, 501 (9th Cir. 1984)("A claim for recoupment that would otherwise be barred by the statute of limitation may be brought to defeat a claim arising out of the same transaction.").

IT IS HEREBY RECOMMENDED that:

1. The March 31, 2008 motion to dismiss (#107) be granted in part and denied in part, as follows:

   a. Because defendants are not protected under the Noerr-Pennington doctrine or California's litigation privilege, defendants' motion to dismiss or strike claims two, seven, and seventeen on these grounds should be denied.

   b. Defendants' motion to dismiss Rosenthal claims brought against defendants Zide, Schwachman and Lee, who are individual attorneys, should be granted.

   c. Defendants' request for Rule 11 sanctions should be denied.

   d. Claims fifteen and sixteen should be dismissed without prejudice to plaintiff's claim for actual damages for emotional distress under the FDCPA.

   e. Defendants' motion to dismiss claim seventeen should be granted.

   f. Defendants' motion to dismiss based on violation of the statute of limitations should be denied without prejudice.

g. Defendants' motion pursuant to California Code of Civil Procedure Section 425.16–the anti-SLAPP Statute–should be denied.

h. Defendants' motion to dismiss based on plaintiff's failure to obtain a pre-filing court order required by California Civil Code § 1714.10 to allege conspiracy should be denied.

2. Defendants' March 31, 2008 motion to dismiss for failure to state a claim (#109) be denied.

3. Plaintiff's May 1, 2008 motion to strike matters in the answer and affirmative defenses (#115) be denied.

4. Plaintiff's May 1, 2008 motion to dismiss Citibank's counter claim (#115) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 28, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; gerber.mtd