1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8   JOSEPH E. GERBER,
    an individual,
9                    Plaintiff,                No. CIV S-07-0785 WBS JFM PS

10       vs.

11  CITIGROUP, INC., etc., et al.,

12                   Defendants.               FINDINGS AND RECOMMENDATIONS

13  _____/

14       Plaintiff is proceeding pro se[1] with a complaint alleging, *inter alia*, violation of

15  the Truth in Lending Act and Fair Debt Collection Practices Act ("FDCPA"), and was referred to

16  the undersigned pursuant to Local Rule 72-302(c)(21).  Pursuant to the findings and

17  recommendations issued February 28, 2008, and adopted by the district court on March 21, 2008,

18  plaintiff's state law claims are governed by California law.  (February 28, 2008 Findings and

19  Recommendations at 3.)

20       Three motions came on regularly for hearing June 5, 2008:  Defendant Harris &

21  Zide's (H&Z[2]) motion to dismiss and motion to strike certain claims, and motion for Fed. R. Civ.

22  _____

23       [1] The California State Bar website lists plaintiff as an inactive member of the state bar.
    http://members.calbar.ca.gov/search/member_search.aspx?ms=Gerber%2C+Joseph.

24

25       [2] Defendants Harris & Zide, a California partnership; Flint C. Zide, an individual, Arthur
    W. Shwachman, an individual and Robert Lee, an individual, moved to strike the first amended
    complaint in their reply brief concerning their pending motion to dismiss.  (Docket No. 76.)  In
26  the interest of brevity, these defendants will be referred to as defendants H&Z.

                                        1

P. 11 sanctions (Docket No. 107), Defendants United Collections Bureau and Tamara Henry's

motion to dismiss for failure to state a claim (Docket No. 109)(hereafter "UCB"); and Plaintiff's

motion to strike material in Citibank's answer and to dismiss Citibank's counterclaim (Docket

no. 115).  Plaintiff appeared in propria persona.  Julia Strickland, Marcos Sasso, A.R.

Kachadoorian appeared on behalf of defendants Citibank (South Dakota) and Citigroup Inc.

Mark E. Ellis, Theresa M. LaVoie and June Coleman appeared on behalf of defendants United

Collection Bureau, Inc. and Tamara Henry.  Vincent Scott Green appeared on behalf of

defendants Harris & Zide, Flint Zide, Arthur W. Swachman and Robert Lee.  Upon review of the

motions and the documents in support and opposition, upon hearing the arguments of plaintiff

and defense counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

   Plaintiff alleges defendants engaged in behavior proscribed by the FDCPA and the

Rosenthal Act.[3]  (First Amended Complaint, passim.)  Plaintiff alleges, *inter alia*, that defendants

"kept a state court collection lawsuit secret from plaintiff and his attorney for nearly a year while

supposedly communicating in good faith as to an alleged debt."  (Opp'n. at 12.)  Plaintiff claims

defendants did this "so they could commit aggressive and egregious violations of fair debt

collection laws while retaining a hidden 'hole card' for privilege and immunity defenses against

any federal fair debt collection action or related tort claim."  (Id.)

   All moving defendants contend they are protected from plaintiff's second claim

(FDCPA) by the Noerr-Pennington doctrine because their acts were taken pre- and during state

court litigation to obtain plaintiff's payment on his credit card account.  Defendants contend all

---

[3]  The Rosenthal Act notice provision provides:  "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at your work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FDC-HELP or www.ftc.gov." Cal. Civ.Code § 1812.700.

1   of plaintiff's state pendant claims:  claims seven (Rosenthal Fair Debt Collection Practices Act

2   Violations), fifteen (Intentional Infliction of Emotional Distress), sixteen (Negligent Infliction of

3   Emotional Distress), and seventeen (California's Unfair Business Practices Act), are barred under

4   California Civil Code § 47(b) litigation privilege because they were undertaken in their efforts to

5   collect payment on a debt owed.[4]

6            In considering a motion to dismiss, the court must accept as true the allegations of

7   the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

8   (1976).  The court must also construe the pleading in the light most favorable to the party

9   opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen,

10  395 U.S. 411, 421 (1969).  Moreover, pro se pleadings are held to a less stringent standard than

11  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss

12  for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can

13  prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon

14  v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

15  F.2d 1289, 1294 (9th Cir. 1981).

16           Generally, in the context of a motion to dismiss, review is limited to the contents

17  in the complaint.  Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385

18  (9th Cir.1995).  When matters outside the pleading are presented to and accepted by the court,

19  the motion to dismiss is converted into one for summary judgment.  However, matters properly

20  presented to the court, such as those attached to the complaint and incorporated within its

21  allegations, may be considered as part of the motion to dismiss.  See Hal Roach Studios, Inc. v.

22  Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1989).  Where a plaintiff fails to attach

23

24           [4]  California Civil Code § 47(b) provides, in pertinent part, that a privilege attaches to a
     publication or broadcast made in any judicial proceeding. The litigation privilege "applies to any
     communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

25   participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some
     connection or logical relation to the action."  Silberg v. Anderson, 50 Cal.3d 205, 212, 266

26   Cal.Rptr. 638, 786 P.2d 365 (1990).

1   to the complaint documents referred to therein, and upon which the complaint is premised, a

2   defendant may attach to the motion to dismiss such documents in order to show that they do not

3   support the plaintiff's claim.  See Pacific Gateway Exchange, 169 F.Supp.2d at 1164; Branch v.

4   Tunnell, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds).  Thus, the district court

5   may consider the full texts of documents that the complaint only quotes in part.  See In re Stac

6   Electronics Sec. Lit., 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103, 117 S.Ct. 1105

7   (1997).  This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately

8   omitting references to documents upon which their claims are based."  Parrino v. FHP, Inc., 146

9   F.3d 699, 705 (9th Cir.1998).  Thus, a court may consider certain materials--documents attached

10  to the complaint, documents incorporated by reference in the complaint, or matters of judicial

11  notice--without converting the motion to dismiss into a motion for summary judgment.  United

12  States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Records from the state court are subject to

13  judicial notice.  Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid.

14  201(d).

15          The purpose of the FDCPA is

16          to eliminate abusive debt collection practices by debt collectors, to
            insure that those debt collectors who refrain from using abusive
17          debt collection practices are not competitively disadvantaged, and
            to promote consistent State action to protect consumers against
18          debt collection abuses.

19  15 U.S.C. § 1692(e).  The FDCPA was designed to protect consumers who have been victimized

20  by unscrupulous debt collectors, regardless of whether valid debt actually exists.  Baker v. G.C.

21  Services Corp., 677 F.2d 775 (9th Cir. 1982).

22          In the Ninth Circuit, a violation of the FDCPA is measured by the objective

23  standard of "least sophisticated debtor."  For example, if defendant's letter and telephone call are

24  likely to deceive or mislead a hypothetical 'least sophisticated debtor,' defendants have violated

25  Section 1692e.  Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir.1996).

26  /////

Claims are thus viewed from the "perspective of a consumer whose circumstances make [ ] him relatively more susceptible to harassment, oppression, or abuse" than the average consumer. <u>Hosseinzadeh v. M.R.S. Assocs., Inc.</u>, 387 F.Supp.2d 1104, 1110 (C.D.Cal.2005). The Court, not the jury, determines whether a collection letter violates the Act by applying this "least sophisticated debtor" standard. <u>Hapin v. Arrow Financial Servs.</u>, 428 F.Supp.2d 1057, 1060 (N.D.Cal.2006); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225-26 (9th Cir.1988); <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1432 (9th Cir.1997); <u>see also</u> <u>Baker v. Citibank (South Dakota) N.A.</u>, 13 F.Supp.2d 1037, 1041 (S.D.Cal.1988).

The least sophisticated debtor "standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." <u>Terran</u>, 109 F.3d at 1431. "The FDCPA is a strict liability statute." <u>Irwin v. Mascott</u>, 112 F.Supp.2d 937, 963 (N.D.Cal.2000). Therefore, a plaintiff need not prove a defendant knew their debt collection practices were illegal or that a defendant had the intent to violate the law. <u>Id.</u> In addition, the FDCPA is a remedial statute and, thus, it must be construed liberally in favor of the debtor. <u>Clark v. Capital Credit & Collection Servs., Inc.</u>, 460 F.3d 1162, 1175-76 (9th Cir.2006). Under the FDCPA, a debt collector is prohibited from making false or misleading statements in connection with the collection of any debt. See 15 U.S.C. § 1692e. Threats to take action that a debt collector may not legally take, or does not intend to take are actionable under the statute. 15 U.S.C. § 1692e(5). The FDCPA also prohibits debt collectors from making false representations or using deceptive means to collect a debt. 15 U.S.C. § 1692e(10).

<u>Gonzales v. Arrow Financial Services, LLC</u>, 489 F.Supp.2d 1140, 1146-47 (S.D. Cal. 2007).

The Noerr-Pennington doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct. <u>Empress LLC v. City & County of S.F.</u>, 419 F.3d 1052, 1056 (9th Cir. 2005) (<u>citing</u> <u>Manistee Town Ctr. v. City of Glendale</u>, 227 F.3d 1090, 1092 (9th Cir. 2000)).

The Court of Appeals for the Ninth Circuit has concluded that "the Noerr-Pennington doctrine stands for a generic rule of statutory construction, applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." <u>Sosa v.</u>

1   DirecTV, Inc., 437 F.3d 923, 937 (9th Cir.2006)(Noerr-Pennington immunity extends to actions

2   seeking to impose RICO liability); see also White v. Lee, 227 F.3d 1214, 1231 (9th Cir.2000)

3   (holding that because it "is based on and implements the First Amendment right to petition," the

4   Noerr-Pennington doctrine is not limited to the antitrust context, but "applies equally in all

5   contexts").  "Under the Noerr- Pennington rule of statutory construction, we must construe

6   federal statutes so as to avoid burdening conduct that implicates the protections afforded by the

7   Petition Clause unless the statute clearly provides otherwise." Sosa, 437 F.3d at 937.  Moreover,

8   "the law of this circuit establishes that communications between private parties are sufficiently

9   within the protection of the Petition Clause to trigger the Noerr-Pennington doctrine, so long as

10  they are sufficiently related to petitioning activity." Id.

11          Other circuits have adopted the expansive view of Noerr-Pennington doctrine

12  immunity.  DirecTV v. Milliman, 2003 WL 23892683 (E.D. Mich. 2003), citing Coastal States

13  Mktg v. Hunt, 694 F.2d 1358, 1367 (5th Cir. 1983).[5]  In DirecTV, the court found that Noerr-

14  Pennington immunity applied broadly, even though the defendant was alleged to have employed

15  deceptive and unethical terms as alleged here.  Id. at 8, citing Santanta Prods. v. Bobrick

16  Washroom Equip., Inc., 249 F.Supp.2d 463 (M.D. Pa. 2003), affirmed, 401 F.3d 123 (3rd Cir.

17  2005), cert. denied, 126 S.Ct. 734 (2005).  However, none of these applications were in the

18  FDCPA context.

19  /////

20

21          [5] As a First Amendment doctrine, the immunity extends beyond antitrust claims.
    Pennwalt Corp. v. Zenith Lab., Inc., 472 F.Supp. 413, 424 (E.D.Mich.1979).  Clearly, pre-suit
22  demand letters are a type of conduct protected by the doctrine.  Coastal States Mktg., Inc. v.
    Hunt, 694 F.2d 1358, 1367 (5th Cir.1983) (stating that "those acts reasonably and normally
23  attendant upon effective litigation" are immunized, including warnings that litigation will be
    commenced and efforts to settle); Neway Anchorlok Int'l, Inc. v.. Longwood Indus., 107
24  F.Supp.2d 810, 813 (W.D.Mich.1999); In re Cardizem CD Antitrust Litigation, 105 F.Supp.2d
    618, 637 (E.D.Mich.2000) (extending immunity to "pre-litigation threats of suit, demand letters,
25  and communications about pending suits").  In fact, other lawsuits involving DirecTV have been
    dismissed based on similar state anti-SLAPP laws.  E.g., Buckley v. DirecTV, Inc., No.
26  03-484MHS, 2003 WL 21955876 (N.D.Ga. Jun.26, 2003) (Georgia statute).

1       In addition, the Ninth Circuit has not specifically found that the Noerr-Pennington

2  doctrine applies to FDCPA cases.  At least one district court has found that it does not apply to

3  FDCPA cases.  Irwin v. Mascott, 112 F.Supp.2d 937 (N.D.Cal. 2000) (Debt collector's attorneys

4  were not immune from civil liability under the FDCPA and the California Unfair Business

5  Practices Act by virtue of their participation in administrative or judicial proceedings).  But see

6  Johnson v. JP Morgan Chase Bank DBA Chase Manhattan, et al., 536 F.Supp.2d 1207 (E.D. Cal.

7  2008).[6]

8       Courts in the Sixth Circuit have also found that the Noerr-Pennington doctrine is

9  not applicable to FDCPA claims even if the debt collectors at issue were attorneys.  For example,

10  Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006)(law firm not

11  entitled to absolute immunity in FDCPA case); Ison v. Javitch, Block & Rathbone, 2007 WL

12  2769674 (S.D.Ohio 2007).[7]

13  /////

14  /////

15

16       [6]  The Johnson court held:  (1) to the extent that debtor's allegations did not implicate
activity proscribed by California's Rosenthal Fair Debt Collection Practices Act, and included
activity solely within the litigation context, they were barred by California's litigation privilege;

17  (2) federal claims under Racketeer Influenced and Corrupt Organizations Act (RICO) and Fair
Debt Collection Practices Act (FDCPA) preempted California's litigation privilege; and (3) Fair

18  Credit Reporting Act (FCRA) preempted debtor's causes of action for defamation, fraudulent
misrepresentation, negligent misrepresentation, unfair competition, and intentional infliction of

19  emotional distress.  Id., 536 F.Supp.2d 1207 (E.D. Cal. 2008).

20       [7]  In Ison, defendants raised several arguments of immunity, including, absolute immunity
under the witness immunity doctrine, absolute immunity from statements made in the course of a

21  judicial proceeding, qualified immunity under the First Amendment and the Noerr-Pennington
doctrine as well as arguments that the FDCPA is unconstitutional.  These issues have been ruled

22  upon time and time again, most recently in Gionis v. Javitch, Block & Rathbone, LLP, 2007
U.S.App. LEXIS 14054 (6th Cir.2007) (finding that litigation immunity, witness immunity or

23  qualified immunity under the First Amendment do not shield defendants from liability under the
FDCPA).  Although not specifically addressed in Gionis, the Ison court found defendants were

24  also not entitled to immunity under the Noerr-Pennington doctrine.  See Heintz v. Jenkins where
the Supreme Court held that "the Act applies to attorneys who 'regularly' engage in

25  consumer-debt-collection activity, even when that activity consists of litigation." Id., 514 U.S.
291, 299 (1995).  If the Supreme Court wanted the Noerr-Pennington doctrine to apply, it would

26  have found otherwise.

1    But, most importantly, the United States Supreme Court has held that the FDCPA

2  "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that

3  activity consists of litigation."  Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

4    This court is unpersuaded that the Noerr-Pennington doctrine bars actions under

5  the FDCPA.  Rather, this court finds persuasive the reasoning of Sial v. Unifund CCR Partners,

6  2008 WL 4079281, *3-5 (S.D.Cal. Aug.28, 2008), in which the court held that the doctrine did

7  not bar an FDCPA claim.  The Sial court relied on the Supreme Court's decision in Heintz, which

8  held that litigating attorneys were "debt collectors" under the FDCPA.  Although Heintz did not

9  directly address the instant question, the holding of Heintz strongly suggests that the

10  Noerr-Pennington doctrine does not apply to FDCPA actions.

11    Here, plaintiff alleges multiple instances of harassing communications and

12  conduct.[8]  To find defendants immunized by the Noerr-Pennington doctrine would eviscerate the

13  Fair Debt Collection Practices Act.  Debt collectors should not be able to employ tactics

14  forbidden by the FDCPA simply because they also happen to be lawyers, or because they are

15  attempting to collect on a debt owed.

16    With regard to the California litigation privilege, this court again finds the Sial

17  court's reasoning persuasive.  Sial, 2008 WL 4079281 at *5.

18  
19  
20  
21  
22  
23  
> California Civil Code § 47(b) provides, in pertinent part, that a
> privilege attaches to a publication or broadcast made in any judicial
> proceeding. The litigation privilege "applies to any communication
> (1) made in judicial or quasi-judicial proceedings; (2) by litigants
> or other participants authorized by law; (3) to achieve the objects
> of the litigation; and (4) that have some connection or logical
> relation to the action." Silberg v. Anderson, 50 Cal.3d 205, 212,
> 266 Cal.Rptr. 638, 786 P.2d 365 (1990). Here, the parties do not
> dispute that the scope of the litigation privilege generally includes
> the actions alleged by Plaintiff.

/////

24  

25    [8] Plaintiff failed to include dates for all of his allegations, so this court is unable to
differentiate between pre-, during and post-litigation allegations at this time.  (First Amended
26  Complaint, passim.)

1
2
3
4
5
6
7
8
9
10
11
12

The parties also acknowledge a split in opinion among federal district courts as to whether the Rosenthal Act and the litigation privilege are irreconcilable.  Compare Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1100 (C.D.Cal.2006) (Rosenthal Act not reconcilable with litigation privilege ); Butler v. Resurgence Financial, LLC, 521 F.Supp.2d 1093, 1095-97 (C.D.Cal.2007) (following Oei); Mello v. Great Seneca Financial Corp., 526 F.Supp.2d 1024, 1030-31 (C.D.Cal.2007) (same); with Taylor v. Quall, 458 F.Supp.2d 1065, 1067-69 (C.D.Cal.2006) (litigation privilege precludes Rosenthal Act claims); Nickoloff v. Wolfpoff & Abramson, L.L.P., 511 F.Supp.2d 1043, 1045-46 (C.D.Cal.2007) (distinguishing Oei, finding Rosenthal Act and litigation privilege not irreconcilable); Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158, 1162-65 (N.D.Cal.2007) (same). Having considered these divergent cases, the court agrees with those courts that have found the litigation privilege and the Rosenthal Act irreconcilable. "Applying the privilege . . . would effectively vitiate the Rosenthal Act and render the protections it affords meaningless." Oei, 486 F.Supp.2d at 1100. Thus, the court "applies the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one," id. at 1100, and finds that the Rosenthal Act prevails over the statutory litigation privilege.

13  Sial, 2008 WL 4079281 at *5.  Because the FDCPA applies to this case, the court also finds the

14  Rosenthal Act applicable.  But see Lopez Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158,

15  1163-64 (N.D.Cal.2007) (discussing cases).  Accordingly, this court finds that defendants are not

16  protected under the Noerr-Pennington doctrine or California's litigation privilege.[9]  Thus,

17  defendants' motion to dismiss or strike claims on the grounds of litigation privilege should be

18  denied.

19          However, defendants who are also lawyers are expressly omitted from claims

20  under the Rosenthal Act pursuant to its plain language.  The Rosenthal Act "explicitly excludes

21  attorneys from the definition of 'debt collectors' while the FDCPA does not."  Lopez Reyes v.

22  Kenosian & Miele, LLP, 525 F.Supp.2d 1158 (N.D. Cal. 2007), citing Cal. Civ. Code

23  § 1788.2(c); 15 U.S.C. § 1692a(6).

24  _____

25          [9]  Moreover, the federal claims preempt the litigation privilege.  See, e.g. Martinez v. California, 444 U.S. 277, 284, 100 S.Ct. 553 (1980) (holding that a 42 U.S.C. § 1983 claim preempts the state litigation privilege); Johnson v. JP Morgan Chase Bank DBA Chase

26  Manhattan, et al., 536 F.Supp.2d 1207 (E.D. Cal. 2008)(see n.6 at 6, infra).

1    The California legislature incorporated sections of the FDCPA into
     the RFDCPA[10] in 1999, four years after <u>Heintz</u> was handed down.
2    See Cal. Civ.Code § 1788.17. . . . Upon review, the Court finds
     that <u>Heintz</u> did not consider the FDCPA in conjunction with the
3    California litigation privilege at issue here, nor is there a parallel
     holding regarding the RFDCPA.  In addition, while the California
4    Legislature did incorporate parts of the FDCPA into the RFDCPA
     in 1999, four years after <u>Heintz</u> was handed down, it did not
5    incorporate the section at issue in <u>Heintz</u>, 15 USC 1692a(6), which
     defines "debt collector." See Cal. Civ.Code § 1788.17; <u>Heintz</u>, 514
6    U.S. at 293, 115 S.Ct. 1489.  Instead, California retained the prior
     RFDCPA-specific definition of "debt collector" which included an
7    "attorney exemption."  See Cal. Civ.Code § 1788.2(c).  Thus, the
     incorporation of the FDCPA into the RFDCPA does not support
8    Plaintiff's contention that the RFDCPA trumps the litigation
     privilege.

9

10   <u>Lopez Reyes</u>, 525 F.Supp.2d at 1165.  Therefore, this court must grant the motion to dismiss

11   Rosenthal claims brought against defendants Zide, Schwachman and Lee who are individual

12   attorneys.  Because of the conflicting language between the FDCPA and the RFDCPA, the court

13   will not impose Rule 11 sanctions on plaintiff for including Rosenthal claims against parties

14   known to him to be attorneys at law.

15        Defendants also seek dismissal of plaintiff's emotional distress claims.  The <u>Oei</u>

16   court stated:

17        California courts have regularly applied the litigation privilege to
          common law emotional distress claims. See <u>Kachig</u>, 22 Cal.App.3d
18        at 640-41, 99 Cal.Rptr. 393; see also <u>Rusheen</u>, 37 Cal.4th at 1064,
          39 Cal.Rptr.3d 516, 128 P.3d 713; <u>Jeffrey H. v. Imai, Tadlock &
19        Keeney</u>, 85 Cal.App.4th 345, 101 Cal.Rptr.2d 916. 361 (2000)
          ("As noted in <u>Silberg</u>, a line of decisions holds that Civil Code
20        section 47, subdivision (b)(2), immunizes defendants from tort
          liability based on theories of intentional infliction of emotional
21        distress"); <u>Begier v. Strom</u>, 46 Cal.App.4th 877, 882, 54
          Cal.Rptr.2d 158 (1996) ("Insofar as plaintiff alleges defendant
22        made false accusations within the dissolution action, defendant's
          statements are privileged and cannot give rise to a cause of action
23        for intentional infliction of emotional distress"); <u>Laffer v.
          Levinson, Miller, Jacobs & Phillips</u>, 34 Cal.App.4th 117, 122, 40
24        Cal.Rptr.2d 233 (1995) ("This privilege is a defense to other torts

25 _____

26   [10]  "RFDCPA" is the acronym for California's Rosenthal Fair Debt Collection Practices
     Act, California Civil Code § 1788 et seq.  <u>Lopez Reyes</u>, 525 F.Supp.2d at 1158.

1                     as well as defamation, including, as alleged here, intentional
interference with economic relations and intentional infliction of
2                     emotional distress").

3    Oei v. N. Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1101-02 (C.D.Cal. 2006); see

4    also Foothill Fed. Credit Union v. Sup. Court of Los Angeles County, 155 Cal.App.4th 632, 66

5    Cal.Rptr.3d 249 (2007) (litigation privilege applies to and bars intentional infliction of emotional

6    distress claim).  Because plaintiff's state law claims are governed by California law, plaintiff's

7    separate tort law claims for emotional distress damages must be dismissed.  Id.  However,

8    plaintiff may pursue his claim for actual damages for emotional distress under the FDCPA.[11]  See

9    Davis v. Creditors Interchange Receivable Management, LLC, _____ F.Supp.2d _____, 2008 WL

10    4878322 (N.D. Ohio).  Claims fifteen and sixteen will be dismissed without prejudice to

11    plaintiff's claim for actual damages for emotional distress under the FDCPA.

12           Plaintiff's seventeenth claim is for violation of the California Unfair Business

13    Practices Act, California Business and Professions Code § 17200, et seq., referred to as the

14    "Unfair Competition Law" or "UCL."  This statutory scheme prohibits "unlawful, unfair or

15    fraudulent business act or practice."  Cal. Bus. Prof. Code § 17200.  A cause of action under this

16    section must be based on some predicate act involving a violation of some other statute.

17    Cel-Tech Communications v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 83 Cal.Rptr.2d 548 (1999).

18           Here, the FDCPA "protects the ethical debt collector from unfair competition."

19    Irwin v. Mascott, 112 F.Supp.2d 937, 963 (N.D. Cal. 2000).  Violations of the FDCPA can

20    trigger the application of the Unfair Business Practices Act in California by punishing unfair and

21    anti-competitive business practices.  Id.

22

23           [11]  Generally, the FDCPA permits recovery of actual damages for emotional distress.
Under the FDCPA, 15 U.S.C. § 1692k(a)(1), "any debt collector who fails to comply with [the
24    FDCPA] with respect to any person is liable to such a person in an amount to the sum of . . . any
actual damages sustained by such person as a result of such failure." The FTC Commentary to
25    the FDCPA states that these "actual damages" for FDCPA violations include "damages for
personal humiliation, embarrassment, mental anguish, or emotional distress" as well as
26    "out-of-pocket expenses." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.
Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability).

1    
       The FDCPA is a strict liability statute. Plaintiffs need not prove
either that Defendants knew that their debt collection practices

2    violated the law or that they intended to violate the law.  Plaintiffs
need only prove that (1) the Defendants knew what practices they

3    were engaged in, and (2) the practices violated the FDCPA.

4    Irwin, 112 F.Supp.2d at 963.  However, in 2004, California voters passed Proposition 64, which

5    became effective November 3, 2004.  See Cal. Const., art. II, § 10, subd. (a).  Proposition 64

6           limits the standing of plaintiffs to sue under the UCL.  It eliminated
the provision of Cal. Bus. & Prof. Code § 17204 authorizing

7    initiation of a complaint by "any person acting for the interests of
itself, its members, or the general public," substituting a provision

8    for enforcement only by "any person who has suffered injury in
fact and has lost money or property as a result of such unfair

9    competition."  Cal. Bus. & Prof. Code § 17204 (2005).
Proposition 64 also amended § 17203, which deals with injunctive

10   relief. This section now provides that a private person "may pursue
representative claims or relief on behalf of others only if the

11   claimant meets the standing requirements of Section 17203 and
complies with Section 382 of the Code of Civil Procedure," which

12   governs class actions.  Cal. Bus. & Prof. Code § 17203. The
amended statute thus bars representative actions that cannot meet

13   the class certification requirements imposed by Cal.Civ.Proc.Code
§ 382. Cal. Bus. & Prof. Code § 17203.

14   

15          Proposition 64 makes clear that, in order to sue for injunctive relief
under California's unfair business practices laws, a party must have
"suffered injury in fact and [have] lost money or property as a

16   result of such unfair competition." Id. § 17204.  In addition,
Proposition 64 allows representative actions for injunctive relief

17   only if a claimant meets the section's standing requirements and the
class being represented meets the California class action lawsuit

18   standards set forth in Cal.Civ.Proc.Code § 382.  See Cal. Bus. &
Prof. Code § 17535.

19   

20   Palmer v. Stassinos, 419 F.Supp.2d 1151, 1154 (N.D.Cal. 2005); Laster v. T-Mobile USA, Inc.,

21   407 F.Supp.2d 1181 (S.D. Cal. 2005)(standing of private plaintiffs limited to those who

22   "suffered injury in fact and had lost money as a result of such unfair competition.")

23   /////

24   /////

25   /////

26   /////

1    Here, plaintiff alleges defendants' conduct caused him to lose money and/or

2  property.  Plaintiff also asserts that other members of the public were similarly harmed and

3  damaged by defendants.[12]

4    Plaintiff's allegations are insufficient to meet the injury-in-fact standing

5  requirement of the UCL.  Restitution under the UCL is limited to either "money or property that

6  defendants took directly from plaintiff" or "money or property in which [plaintiff] has a vested

7  interest."  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1146-1147, 131

8  Cal.Rptr.2d 29, 63 P.3d 937 (2003); see also Baugh v. CBS, Inc., 828 F.Supp. 745, 757-58

9  (N.D.Cal.1993) (dismissing a restitution claim for emotional damages because restitution

10  requires defendant to have taken something of value from plaintiff that plaintiff asks be restored).

11  Plaintiff has not alleged he paid interest or other fees to defendants or that defendants have

12  otherwise profited from their actions in violating the FDCPA.  Moreover, "nonrestitutory

13  disgorgement of profits obtained by means of an unfair business practice is not an available

14  remedy in either an individual or representative action under the UCL."  Palmer v. Stassinos, 348

15  F.Supp.2d 1070, 1088-89 (N.D. Cal. 2004), citing Korea Supply, 29 Cal.4th at 1152, 131

16  Cal.Rptr.2d 29 (nonrestitutory disgorgement not available in an individual action); Kraus v.

17  Trinity Mgmt. Servs., Inc., 23 Cal.4th 116, 126 n. 10, 96 Cal.Rptr.2d 485 (2000)

18  (nonrestitutory disgorgement not available in a representative action).

19    Thus, defendants' motion to dismiss the seventeenth cause of action should be

20  granted.[13]

21    Defendants seek dismissal of plaintiff's second and seventh claims and the

22  attorney's fee claim contained within plaintiff's seventeenth claim as barred by the statute of

23

24    [12]  This case has not been certified as a class action.  Moreover, as a pro se litigant,
plaintiff cannot represent the interests of a class.

25

26    [13]  Requests for injunctive relief are not available under the FDCPA.  See Weiss v. Regal
Collections, 385 F.3d 337, 341 (3d Cir. 2004).

1    limitations.  In addition, they argue plaintiff's claims against defendant Shwachman are barred by

2    the statute of limitations because he was no longer employed by Harris & Zide on the date of the

3    allegation alleged by plaintiff against defendant Shwachman.

4            The statute of limitations for a claim under the FDCPA is one year.  Specifically,

5    15 U.S.C. § 1692k(d) states "[a]n action to enforce any liability created by this subchapter may

6    be brought . . . within one year from the date on which the violation occurred." 15 U.S.C.

7    § 1692k(d).  Generally, "an action must be filed within one year of the most recent date on which

8    the defendant is alleged to have violated the FDCPA."  See Padilla v. Payco General American

9    Credits, Inc., 161 F.Supp.2d 264, 273 (S.D.N.Y.2001); Pittman, 969 F.Supp. at 611. It is

10    important to note that the FDCPA specifically states the statute of limitations runs from the "date

11    on which the violation occurred."  See Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997)

12    (holding that statute of limitations runs from the time of the purported violation); Watkins v.

13    Peterson Enterprises, 57 F.Supp.2d 1102, 1106 (E.D.Wash.1999) (citing Naas) ("The [FDCPA]

14    limitations period runs from the date of the offending act.").  The court must determine what

15    action by defendant constitutes a violation and when the alleged violation occurred.

16            Here, however, the first amended complaint does not include specific dates for all

17    alleged violations.  Thus, the court cannot evaluate the application of the statute of limitations at

18    this time.  Moreover, the court will not infer from defendants' proffer of a complaint filed by

19    defendant Shwachman on behalf of Chase Bank[14] that defendant Shwachman was no longer

20    employed at Harris & Zide after January 2006.  Defendants' motion to dismiss based on violation

21    of the statute of limitations will be denied without prejudice.

22            In light of the above, defendants' motion pursuant to California Code of Civil

23    Procedure Section 425.16–the anti-SLAPP Statute–will be denied.  See also Mello v. Great

24

25        [14]  Defendants provided a copy of a complaint allegedly filed by Arthur W. Shwachman of JP Morgan Chase Legal Department, on behalf of Chase Bank USA, N.A. in the Riverside County Superior Court on March 16, 2006.  (Defts.' RJN, Docket No. 13, Ex. B.)  Chase Bank

26    USA, N.A., vs. Swafford, Case No. INC 057356 (Riverside County Superior Court).

1   Seneca Financial Corp., 526 F.Supp.2d 1024, 1029 (C.D.Cal. 2007)("Where a cause of action

2   refers to both protected and unprotected activity and a plaintiff can show a probability of

3   prevailing on any part of its claim, the cause of action is not meritless and will not be subject to

4   the anti-SLAPP procedure."); Rouse v. Law Offices of Rory Clark, 465 F.Supp.2d 1031

5   (S.D.Cal.2006)(consumer's claims did not arise from debt collectors' activity in furtherance of

6   free speech or petitioning rights, as required for dismissal of claims under California's

7   anti-SLAPP statute).

8          Defendants' motion to dismiss based on plaintiff's failure to obtain a pre-filing

9   court order required by California Civil Code § 1714.10 to allege conspiracy will also be denied.

10  This court does not read plaintiff's first amended complaint as stating a cause of action for

11  conspiracy.

12         Defendants UCB and Tamara Henry have also moved to dismiss plaintiff's

13  allegations for failure to state a claim.  However, a fair reading of the amended complaint states a

14  claim for violation of the FDCPA.

15         The court turns now to plaintiff's motion to strike matters from defendants'

16  answer and affirmative defenses.

17         Federal Rule of Civil Procedure 12(f) provides "upon motion made by a party

18  before responding to a pleading . . . the court may order stricken from any pleading any

19  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

20  Civ. P. 12(f).  The purpose of a motion to strike is to avoid the expenditure of time and money

21  that will arise from litigating "spurious issues" by eliminating those issues prior to trial.  Fantasy,

22  Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114

23  S.Ct. 1023 (1994).  Generally, "motions to strike are regarded with disfavor because they are

24  often used as delaying tactics, and because of the limited importance of pleadings in federal

25  practice." Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996); accord Stanbury Law

26  Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir.2000).  "Courts must view the pleadings under

                                                  15

1   attack in the light more favorable to the pleader." Lazar v. Trans Union LLC, 195 F.R.D. 665,

2   669 (C.D.Cal.2000).  Motions to strike are generally not granted unless it is clear that the matter

3   at issue could have no possible bearing on the subject matter of the case.  Id.

4           The court finds plaintiff's motion to strike is not well taken.  The challenged

5   allegations of the answer and the affirmative defenses are not insufficient, immaterial or

6   impertinent, and the motion to strike should be denied.

7           Finally, the court turns to plaintiff's motion to strike defendant Citibank's

8   counter-claim.  Plaintiff argues that this counter-claim is not compulsory and asserts that

9   supplemental jurisdiction does not exist over this counter-claim.  Plaintiff contends the facts and

10  evidence are so different they do not constitute the "same case or controversy."  (Opp'n. at 21.)

11  Should the court find supplemental jurisdiction exists, plaintiff argues this court should decline

12  to exercise supplemental jurisdiction over defendants' counter-claim that plaintiff owes

13  defendants a valid debt because it would have a chilling effect on consumers by discouraging

14  private enforcement, it would confuse and prejudice the trier of fact, and would make debtors

15  vulnerable to counterclaims exceeding their TILA and FDCPA recoveries.  Alternatively,

16  plaintiff contends that the counter-claim is barred by the statute of limitations because it was filed

17  four years beyond the date of the underlying contract or, because defendants have yet to provide a

18  copy of the written agreement and it was filed more than two years beyond any oral contract.

19          As a general matter, the court should exercise its supplemental jurisdiction where,

20  as here, state law and federal claims arise out of the same facts and constitute a single case or

21  controversy.  See 28 U.S.C. § 1367(a)[15]; Executive Software of N. America Inc. v. United States

22  _____

23      [15]  Section 1367 provides:
        (a) Except as provided in subsections (b) and (c) or as expressly provided
        otherwise by Federal statute, in any civil action of which the courts have original

24      jurisdiction, the district courts shall have supplemental jurisdiction over all other
        claims that are so related to claims in the action . . . that they form part of the

25      same case or controversy under Article III of the United States Constitution. . . .
        . . .

26      (c) The district courts may decline to exercise supplemental jurisdiction over a

1  Dist. Court for Cent. Dist. of Cal., 24 F.3d 1545 (9th Cir.1994); Picard v. Bay Area Transit Dist.,

2  823 F.Supp. 1519, 1527 (N.D.Cal.1993) (where federal and state claims are based on the same

3  factual allegations, supplemental jurisdiction exists).  In Executive Software, the Ninth Circuit

4  made clear that "once it is determined that the assertion of supplemental jurisdiction is

5  permissible under sections 1367(a) and (b), section 1367(c) provides the only valid basis upon

6  which the district court can decline jurisdiction and remand pendent claims."  Id. at 1551.

7          Here, the state claims arise from a common nucleus of operative facts,

8  specifically, the credit card agreement, and the state law claims are not sufficiently complex so as

9  to permit declining jurisdiction under § 1367(c)(1), particularly in light of all the state law claims

10  plaintiff has raised.  Plaintiff also challenges the terms of the Card Agreement governing his

11  account.  Accordingly, plaintiff's motion to strike the counter claim should be denied.

12          Plaintiff's motion to dismiss on the grounds that the counter-claim is barred by the

13  statute of limitations also fails.

14          Actions based on a written contract are governed by a four year statute of

15  limitations period.  Cal. Civil Code § 337.  Payments on an account restart the running of the

16  statute of limitations period.  Cal. Civil Code § 360.  Eilke v. Rice, 45 Cal. 66, 73 (1955).

17  Because California law applies to this claim, "the court borrows the state's equitable tolling

18  rules, absent a reason not to do so."  Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d

19  1131, 1136 (9th Cir. 2001).  "[A] statute of limitations is suspended or tolled as to a defendant's

20  then barred cause of action against the plaintiff arising out of the same transaction by the filing of

21

22          claim under subsection (a) if-
                (1) the claim raises a novel or complex issue of State law,
23              (2) the claim substantially predominates over the claim or claims
                over which the district court has original jurisdiction,
24              (3) the district court has dismissed all claims over which it has
                original jurisdiction, or
25              (4) in exceptional circumstances, there are other compelling
                reasons for declining jurisdiction. . . .
26  28 U.S.C. § 1367.

the plaintiff's complaint."  <u>Electronic Equipment Exp., Inc. v. Donald H. Seiler & Co.</u>, 122

Cal.App.3d 834, 844 (1981)(filing of cross-complaint waived defense of statute of limitations as

to plaintiff's complaint).

In the instant action, the complaint was filed on April 25, 2007.  Plaintiff's last

payment on the account was posted on March 26, 2004.  (Answer & Counterclaim at 32.)

Plaintiff contends he can demonstrate that his last payment was made on February 14, 2004.

(May 1, 2008 Motion at 24, n.6.)  Under either scenario, however, the counter claim is timely as

the underlying complaint was filed within the four year statute of limitations period.

In any event, defendant Citibank's claims may be used as a setoff or recoupment

to reduce any amount awarded to plaintiff.  <u>See</u> <u>Klemens v. Air Line Pilots Ass'n, Int'l</u>, 736 F.2d

491, 501 (9th Cir. 1984)("A claim for recoupment that would otherwise be barred by the statute

of limitation may be brought to defeat a claim arising out of the same transaction.").

IT IS HEREBY RECOMMENDED that:

1.  The March 31, 2008 motion to dismiss (#107) be granted in part and denied in

part, as follows:

a.  Because defendants are not protected under the Noerr-Pennington doctrine or

California's litigation privilege, defendants' motion to dismiss or strike claims two, seven, and

seventeen on these grounds should be denied.

b.  Defendants' motion to dismiss Rosenthal claims brought against defendants

Zide, Schwachman and Lee, who are individual attorneys, should be granted.

c.  Defendants' request for Rule 11 sanctions should be denied.

d.  Claims fifteen and sixteen should be dismissed without prejudice to plaintiff's

claim for actual damages for emotional distress under the FDCPA.

e.  Defendants' motion to dismiss claim seventeen should be granted.

f.  Defendants' motion to dismiss based on violation of the statute of limitations

should be denied without prejudice.

18

1       g.  Defendants' motion pursuant to California Code of Civil Procedure Section

2   425.16–the anti-SLAPP Statute–should be denied.

3       h.  Defendants' motion to dismiss based on plaintiff's failure to obtain a pre-filing

4   court order required by California Civil Code § 1714.10 to allege conspiracy should be denied.

5       2.  Defendants' March 31, 2008 motion to dismiss for failure to state a claim

6   (#109) be denied.

7       3.  Plaintiff's May 1, 2008 motion to strike matters in the answer and affirmative

8   defenses (#115) be denied.

9       4.  Plaintiff's May 1, 2008 motion to dismiss Citibank's counter claim (#115) be

10  denied.

11      These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

16  failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED:  January 28, 2009.

19

20                                                  UNITED STATES MAGISTRATE JUDGE

21

22  /001; gerber.mtd

23

24

25

26