1 | JONATHAN B. COLE (SBN 70460)
VINCENT S. GREEN (SBN 231046)
2 | **NEMECEK & COLE**
A Professional Corporation
3 | 15260 Ventura Boulevard, Suite 920
Sherman Oaks, California 91403-5344
4 | Tel: (818)788-9500 / Fax: (818) 501-0328

5 | Attorneys for Defendants HARRIS & ZIDE, a
California partnership; FLINT C. ZIDE, an individual;
6 | ARTHUR W. SHWACHMAN, an individiual; ROBERT LEE an individual

7

8 |               UNITED STATES DISTRICT COURT

9 |               EASTERN DISTRICT OF CALIFORNIA

10

11 | JOSEPH E. GERBER, an individual    )    Case No: 2 07-CV-0785 WBS JFM PS
                                     )
      Plaintiff,                     )    Complaint filed:    April 26, 2007
12                                   )
13 |    -vs-                          )
                                     )    **OBJECTIONS TO MAGISTRATE**
14 | CITIGROUP, INC., a Delaware       )    **JUDGE'S FINDINGS AND**
corporation, dba CITIBANK,           )    **RECOMMENDATIONS**
15 | CITIBANK N.A., CITIBANK SD        )
N.A., CITIBANK (SOUTH               )
16 | DAKOTA) N.A., CITIBANK           )    DATE:      N/A
CORPORATION, CITIBANK USA,           )
17 | CITICORP CREDIT SERVICES,         )    TIME:      N/A.
INC. (USA), CITICORP, CITI,         )
18 | CITICARD, CITICARDS, CITI         )    PLACE:     United States District Court
CARDS/CBSDNA, UNIVERSAL              )               501 I Street, #4-200
19 | CARD SERVICES CORP.,              )               Sacramento, CA 95814
UNIVERSAL CARD SERVICES,             )               Hon. William B. Moulds
20 | AT&T UNIVERSAL CARD               )               U.S. Magistrate
SERVICES, AT&T UNIVERSAL             )
21 | CARD, AT&T UNIVERSAL CARD         )
SERVICES CORP., UNIVERSAL            )
22 | CARD SERVICES/CBSDNA,             )
UNIVERSAL CARD/CBSDNA                )
23 | UNIVERSAL CARD, UNIVERSAL         )
BANK and UNIVERSAL BANK,             )
24 | N.A.; an Ohio corporation; TAMARA )
HENRY, an individual or the alias of )
25 | an individual; HARRIS & ZIDE, a   )
California partnership; FLINT C.     )
26 | ZIDE, an individiual; ARTHUR W.   )
SWACHMAN, an individual;             )
27 | ROBERT LEE, an individual; and,   )
CHRIS SEKI, an individual,           )
28 |                                   )
      Defendants.                    )
                                     )

—1—

# TABLE OF CONTENTS

MEMORANDUM AND POINTS OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 6

I.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.   ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   MAGISTRATE ERRED IN FAILING TO APPLY THE NINTH CIRCUIT'S BROAD VIEW OF NOERR-PENNINGTON IMMUNITY PROTECTION TO CLAIM TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.   MAGISTRATE ERRED IN FAILING TO APPLY CALIFORNIA CIVIL CODE SECTION 47(b) LITIGATION PRIVILEGE TO THE ROSENTHAL ACT CLAIM AS IT APPLIES TO HARRIS & ZIDE LAW FIRM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C.   MAGISTRATE ERRED IN NOT TAKING JUDICIAL NOTICE OF NON DISPUTED STATE COURT PLEADINGS THAT ESTABLISHES CLAIM TWO IS TIME BARRED AS TO DEFENDANT SHWACHMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    D.   MAGISTRATE ERRED IN FINDING ALLEGED CONSPIRACY WAS NOT PLEAD REQUIRING PLAINTIFF TO OBTAIN MANDATORY PRE-FILLING COURT ORDER . . . . . . . . . . . . . . . 16

    E.   MAGISTRATE ERRED IN NOT APPLYING CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16-THE ANTI-SLAPP STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

1559065P.objmajdecsn.wpd        **OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**

  
# TABLE OF AUTHORITIES

## FEDERAL CASES

*ALA, Inc. v. CCAIR, Inc.*
29 F.3d 855, 859 (3rd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 15

*Brecht v. Abrahamson*
507 U.S. 619, 630-31, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) . . . . . . . . . . . 7

*Briscoe v. LaHue*
460 U.S. 325, 331, 103 S.Ct. 1108 (1983) . . . . . . . . . . . . . . . . . . . . 7

*City of Columbia v. Omni Outdoor Advertising, Inc.*
499 U.S. 365, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991) . . . . . . . . . . . . . . 8

*Coastal States Mktg v. Hunt*
694 F.2d 1358, 1367 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 7

*Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*
944 F.2d 1525, 1528-29 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . 8, 9

*Crowe v. W. Hel Communications Systems*
103 F.3d 897, 899 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 10

*DirectTV v. Milliman*
(E.D. Mich. 2003) 2003 WL 23892683 . . . . . . . . . . . . . . . . . . . . . 7

*Empress LLC v. City & County of S.F.*
419 F.3d 1052, 1056 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 8

*Erie Railroad Co. v. Tompkins*
304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) . . . . . . . . . . . . . 10

*Freeman v. Lasky, Hass & Cohler*
410 F.3d 1180,1184 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 9

*Greeson v. Imperial Irr. Dist*
59 F.2d 529, 530 (9th Cir. 1932) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Heintz v. Jenkins*
51 U.S. 291, 299 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Jablon v. Dean Witter & Co.*
614 F.2d 677, 682 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . 15

*Long v. Shorebank Development Corp.*
182 F.3d 548, 554 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lopez Reyes v. Kenosian & Miele, LLP*
525 F.Supp.2d 1158, 1165 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . 12

*Metzenbaum v. Huntington National Bank*
124 F.3d 198 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS

*Miles v. State of California*
   320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid. 201(d)  . . . . . . . . . . . . .  14

*Oregon Natural Resources Council*
   944 F.2d at 533  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 13

*Sakamoto v. Duty Free Shoppers, Ltd.*
   764 F.2d 1285, 1288 (9th Cir. 1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Sial v. Unifund CCR Partners*
   2008 WL 4079281 (S.D. Cal. August 28, 2008)  . . . . . . . . . . . . . . . . . . . . .  7, 10

*Sinaloa Lake Owners Ass'n v. City of Simi Valley*
   882 F.2d 1398, 1403 (9th Cir. 1989) *cert. denied* 110 S. Ct. 1317 (1990)  . . . .  14

*Sosa v. Direct TV, Inc.*
   437 F.3d 923, 937 (9th Cir. 2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8, 9

*Vernon v. City of Los Angeles*
   27 F.3d 1385, 1391 (9th Cir. 1994)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*White v. Lee*
   227 F.3d 1214, 1231 (9th Cir. 2000)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Wiley v. United States*
   144 F.2d 707, 708 (9th Cir. 1944)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

**STATE CASES**

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*
   131 Cal.App.4th 802, 824, 32 Cal.Rptr3d 325, 340 (2005)  . . . . . . . . . . . . . .  16

*Jacob B. v. County of Shasta*
   40 Cal.4th 948, 1012, 56 Cal. Rptr.3d 477, 488 (2007)  . . . . . . . . . . . .  11, 12

*Rusheen v. Cohen*
   37 Cal.4th 1048, 1057, 39 Cal.Rptr.3d 516 (2006)  . . . . . . . . . . . . . . . . . . .  11

**MISCELLANEOUS**

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE
TRIAL (The Rutter Group 2007) Ch.1-B, Section 1:99  . . . . . . . . . . . . . . . . . .  10

Civil Code section 47(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Civil Code section 1714.10  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16, 17

1559065P. objmajdecsn.wpd   **OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**

1      Defendants Harris & Zide ("H&Z"), a California partnership, Flint Zide, an

2 individual ("Zide"), Arthur Shwachman, an individual ("Shwachman"), erroneously

3 served as Arthur Swachman, and Robert Lee, an individual ("Lee") (collectively

4 "Defendants"), object to the Magistrate's Findings and Recommendations as follows:

5 (1) the Magistrate erred in finding that *Noerr-Pennington* immunity did not preclude

6 claim two as to all Defendants; (2) the Magistrate erred in finding that California

7 Litigation privilege, Civil Code section 47(b), did not preclude claim seven as to

8 H&Z; (3) the Magistrate erred in not taking judicial notice of state court pleadings

9 thereby finding that claim two was time barred against Shwachman; (4) the Magistrate

10 erred in not finding an alleged conspiracy was not pled requiring plaintiff to obtain

11 mandatory pre-filing court order barring claims seven, fifteen, sixteen and seventeen;

12 (5) the Magistrate erred in not finding that claims seven, fifteen, sixteen and seventeen

13 are subject to a motion to strike pursuant to FRCP 12(f) because of California's anti-

14 SLAPP statute.

15      The Objection will be based on this Objection, the Memorandum of Points and

16 Authorities filed herewith, matters that this Court can or must take judicial notice of,

17 and the pleadings and papers filed herein.

18

19 DATED: February 5, 2009      NEMECEK & COLE

20

21      By _____

22         JONATHAN B. COLE
        VINCENT S. GREEN

23         Attorneys for Defendants HARRIS & ZIDE, FLINT
        C. ZIDE, ARTHUR W. SHWACHMAN and
        ROBERT LEE

24

25

26

27

28

## MEMORANDUM AND POINTS OF AUTHORITY

**I.     STATEMENT OF FACTS**

On January 28, 2009, Magistrate John Moulds issued his Findings and Recommendations. All parties were given 10 days to file objections to those Findings.

**II.    ARGUMENTS**

**A.     MAGISTRATE ERRED IN FAILING TO APPLY THE NINTH CIRCUIT'S BROAD VIEW OF NOERR-PENNINGTON IMMUNITY PROTECTION TO CLAIM TWO**

**(All Defendants)**

Rather than follow the Ninth Circuit's holding that the *Noerr-Pennington* doctrine is "a generic rule of statutory construction, applicable to *any* statutory interpretation that could implicate the rights protected by the Petition Clause," (emphasis supplied), the Magistrate erred and applied a narrow and constricted view of *Noerr-Pennington. Sosa v. Direct TV, Inc.*, 437 F.3d 923, 937 (9th Cir. 2006) And even though the Magistrate recited the holding in *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) that because the doctrine "implements the First Amendment right to petition, it is not limited to the antitrust context, but *applies equally in all contexts*," (emphasis supplied), he attempts to improperly carve out an exception for the Fair Debt Collection Practices Act ("FDCPA").

The Magistrate draws this improper conclusion based solely on the holding in *Heintz v. Jenkins*, 51 U.S. 291, 299 (1995) that attorneys were debt collectors under the FDCPA. *Heintz* in no way addressed whether *Noerr-Pennington* immunity would protect the attorney. The Magistrate errors in concluding that "*Heintz* strongly suggests that *Noerr-Pennington* doctrine does not apply to FDCPA actions." (RJN Doc. 143, 8, ln 8-10). Both U.S. Supreme Court cases and Ninth Circuit cases warn against such judicial activism. *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (non-litigated issues are not precedential holdings binding future decisions); see also *Brecht v. Abrahamson*, 507 U.S. 619, 630-31, 113 S.Ct. 1710, 123

—6—

1  L.Ed.2d 353 (1993) (stare decisis is not applicable unless the issue was "squarely

2  addressed" in prior decision).  Simply put, there was no basis for the Magistrate to

3  jump to the conclusion *Heintz* stands for the proposition that the *Noerr-Pennington*

4  doctrine does not apply to FDCPA actions.[1]

5       Moreover, the United States Supreme Court in *Briscoe v. LaHue*, 460 U.S. 325,

6  331, 103 S.Ct. 1108 (1983), made clear that common-law privileges apply to statutory

7  causes of action unless Congress, in enacting the law, includes specific language to the

8  contrary.  The court held that congress was "familiar with common-law principles,

9  including defenses previously recognized in ordinary tort litigation, and that they

10  likely intended these common-law principles to obtain, **absent specific provisions to**

11  **the contrary**." (Emphasis supplied).  Id. at 331.  There was no action by congress in

12  amending the FDCPA to specifically state that *Noerr-Pennington* immunity would still

13  not apply to the FDCPA.  Indeed, a number of courts have recognized that common-

14  law defenses apply to the FDCPA.  *Metzenbaum v. Huntington National Bank*, 124

15  F.3d 198 (6th Cir. 1997) (doctrine of *res judicata* applies to FDCPA claim); *Long v.*

16  *Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (Rooker-Feldman

17  doctrine applies to FDCPA claims).  And, as was pointed our in our motion and reply,

18  several other courts have applied *Noerr-Pennington* immunity to the FDCPA. See,

19  *DirectTV v. Milliman* (E.D. Mich. 2003) 2003 WL 23892683, citing *Coastal States*

20  //

21  //

22  //

23  //

24

25    [1] The Magistrate finds the reasoning of *Sial v. Unifund CCR Partners*, 2008 WL

26  4079281 (S.D. Cal. August 28, 2008) persuasive.  However, a major underpinning of

27  that decision is based on a finding that the underlying lawsuit fell within one of the
**exceptions** to *Noerr-Pennington* immunity, because the petition brought to the court

28  was a "sham." *Sial*, 2008 WL 4079281 at 3-4. There is no finding a "sham litigation"
in our facts that warrants following an exception to *Noerr-Pennington*.

1  *Mktg v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983). The Magistrate failed to address

2  any of these arguments presented by Defendants in their letter brief of June 11, 2008.

3      Even though an attorney may be a debt collector under the FDCPA, the

4  Magistrate fails to reconcile Ninth Circuit holdings that the certain actions (regardless

5  of who performs them) have immunity under *Noerr-Pennington*. See, *Empress LLC v.*

6  *City & County of S.F.*, 419 F.3d 1052, 1056 (9th Cir. 2005) (*Noerr-Pennington*

7  Doctrine applies to parties who petition any department of the government for redress

8  are generally immune from statutory liability for their petitioning conduct.); *Columbia*

9  *Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1528-29 (9th

10  Cir. 1991), *aff'd*, 508 U.S. 49, 113 S.Ct. 1920 (1993) (Petitions sent to the court in the

11  course of litigation and "conduct incidental to the prosecution of the suit" are also

12  protected); *Sosa*, 437 F.3d at 932 (Pre-litigation demand letters and phone calls have

13  received immunity as conduct incidental to prosecution of the suit). In fact, the

14  Magistrate fails to discuss the holding of any of these Ninth Circuit opinions and their

15  breathe of immunity.

16      Finally, the Magistrate erred in failing to address that the doctrine applies unless

17  Plaintiff can demonstrate Defendants' petitioning activity was a "sham." *City of*

18  *Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 111 S.Ct. 1344, 113

19  L.Ed.2d 382 (1991). "Sham litigation must constitute the pursuit of claims so baseless

20  that no reasonable litigant could realistically expect to secure favorable relief."

21  *Columbia Pictures Indus.,Inc.,* 508 U.S. at 62.

22      Here, Defendants were engaged in  petitioning conduct by filing the Collection

23  Suit against Plaintiff. (RJN, Doc. 13, Exh. C, p. 114-116). The Collection Suit

24  alleged causes of action for a  debt of $23,678.68 owed to Citi for a credit card debt

25  not paid. (RJN, Doc. 13, Exh. C, p.116). Demand was made on Plaintiff for the

26  amount owed and he refused to pay. (RJN, Doc. 13, Exh. C, p. 116). There is nothing

27  sham about the suit. It is a simple debt collection suit to obtain money owed Citi.

28  Plaintiff admits that he knew about the Collection Suit, but was not served. ( RJN,

---

–8–

1   Doc. 73, Exh. G, p.277 ¶ 100). There are no allegations in the FDCPA pleading that

2   the Collection Suit was so baseless that no reasonable litigant could realistically

3   expect to secure a favorable relief. (RJN, Docs. 73, Exh. G, p.259-292).

4        The additional acts alleged against Defendants beyond filing the Collection Suit

5   are conduct incidental to the prosecution of the suit and are also immune. *Columbia*

6   *Pictures Indus., Inc.,* 944 F.2d at 1528-29. Plaintiff alleges Defendants sent him

7   demand letters and called him about the debt. (RJN, Doc.73, Exh. G, p. 281-282,

8   290-291, ¶¶ 114, 137, 138) Pre-litigation demand letters and phone calls are entitled

9   to immunity. *Sosa*, 437 F.3d at 932. Plaintiff alleges he was contacted by telephone

10  in an attempt to collect the debt and to determine his whereabouts. ( RJN, Doc. 73,

11  Exh. G, p.259, 263 ¶¶ 37, 38, 39, 50). Attempts at discovery are also immune.

12  *Freeman v. Lasky, Hass & Cohler*, 410 F.3d 1180,1184 (9th Cir. 2005). Plaintiff next

13  claims misrepresentation were made concerning the amount of the debt and legal

14  actions that could be taken. (RJN, Doc. 73, Exh. G, p. 268, 273, 277-278, 284, 286,

15  ¶¶ 74, 86, 100, 103, 121, 126). Once again, misrepresentation about the law are

16  opinions, done in pursuit of the petitioning Collection Suit, and are therefore immune.

17  *Sosa*, 437 F.3d at 940.

18       Plaintiff has failed to meet the heightened pleading standard required when

19  there is a *Noerr-Pennington* doctrine defense and as a result, the Magistrate committed

20  reversible  error in his finding that claim two should not be dismissed for failure to

21  state a cause of action. *Oregon Natural Resources Council,*  944 F.2d at 533.

22  **B.**   **MAGISTRATE ERRED IN FAILING TO APPLY CALIFORNIA**

23        **CIVIL CODE SECTION 47(b) LITIGATION PRIVILEGE TO THE**

24        **ROSENTHAL ACT CLAIM AS IT APPLIES TO THE HARRIS &**

25        **ZIDE LAW FIRM**

26                **(Defendant Harris & Zide)**

27       The Magistrate correctly found that the claim seven, the Rosenthal Act claim,

28  did not apply to individual attorneys Flint Zide, Arthur Shwachman and Robert Lee.

—9—

1  (RJN Doc. 143, P. 10, ln 10-12).  However, the Magistrate committed reversible error

2  in finding that California Civil Code § 47(b) did not provide immunity to Defendants,

3  including the H&Z law firm.  Once again the Magistrate relies on the *Sial* decision's

4  analysis that where there are conflicts between specific statutes, the specific statute

5  prevails over the general one as a basis to not apply the litigation privilege to the

6  Rosenthal Act Claim. (RJN, Doc. 143. P.8-9); *Sial*, 2008 WL 4079281 at 5.  This is

7  the incorrect principal of statutory construction to apply to a conflict between the

8  litigation privilege and a specific statute.

9         Under the *Erie* doctrine, the Magistrate is to apply state substantive law. *Crowe*

10  *v. W. Hel Communications Systems*, 103 F.3d 897, 899 (9th Cir. 1996).  The federal

11  courts are to follow state substantive law as derived from state statutes and decisions

12  of the state's highest court.[2]  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct.

13  817, 822, 82 L.Ed. 1188 (1938).  Where the issues involved are ones upon which the

14  state supreme court has not yet ruled, as here, federal courts must attempt to predict

15  how the state supreme court would decide the issue. *Vernon v. City of Los Angeles*, 27

16  F.3d 1385, 1391 (9th Cir. 1994).  This Court is free to consider the California's

17  Supreme Court's dicta in determining how that court might rule. Schwarzer, Tashima

18  & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter

19  Group 2007) Ch.1-B, Section 1:99.

20         Rather than look to conflicting federal trial court opinions, Defendants submit

21  this Magistrate should have determined how the California Supreme Court would

22  decide this case.  To that end, recent California Supreme Court decisions are

23  instructive on the absolute nature of the litigation privilege and wide breathe of

24

_____

25         [2] The Magistrate cites to the principal that federal claims preempt the state

26  litigation privilege. (RJN Doc. 143, P. 9, fn 9).  Defendants never argued that Civil
    Code § 47(b) provided immunity to claim two, the federal cause of action.  Rather,

27  Defendants argue 47(b) provides immunity to all of the state pendant claims.  To that

28  end, Defendants argue the Magistrate erred in not looking to state law to determine
    statutory construction.

**OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**

1  protection the court affords to litigants, whether the tort arises under common law

2  theory or is based on a statute such as the Rosenthal Act.

3      In *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 1012, 56 Cal. Rptr.3d 477, 488

4  (2007), the California Supreme Court in deciding a claim of state constitutional

5  invasion of privacy found the privilege under Civil Code section 47(b) provided

6  immunity to the county and county official  who published a letter referring to a

7  molestation accusation in a family law proceeding where plaintiff's right to visitation

8  with members of his extended family was being litigated.  Importantly, the court

9  noted: "Section 47(b)'s litigation privilege bars a privacy cause of action whether

10  labeled as based on common law, **statute**, or Constitution." (Emphasis supplied).

11  *Jacob B, supra*, 40 Cal.4th at 1012, 56 Cal.Rptr.3d at 488.  Repeatedly, the California

12  Supreme Court has stated that the litigation privilege "bars all tort causes of action

13  except malicious prosecution." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1057, 39

14  Cal.Rptr.3d 516 (2006).  Moreover, in attempting to glean the California Supreme

15  Court's view of conflicting statutes vis a via the litigation privilege versus the

16  Rosenthal Act, the court in *Jacob B* provided this guidance: "In adopting the litigation

17  privilege, the Legislature has already done the balancing.  The litigation privilege

18  furthers "the vital public policy of affording free access to the court and facilitating the

19  crucial functions of the finder of fact (cite omitted)...Litigants and witnesses could

20  never be free of "fear of being harassed subsequently by derivative tort actions (cite

21  omitted), if the privilege applied only in some cases but not others."[3] *Jacob B, supra*,

22  40 Cal.4th at 1012, 56 Cal.Rtpr.3d at 488.

23      *Jacob B* notes that one of the important factors it considered was whether there

24  was an expressed intent "to limit the scope of this preexisting privilege or to create a

25

26

---

27     [3] Plaintiff has recently filed three other lawsuits against creditors in this Court.
The common theme in those cases as well as this one is Plaintiff is using his bar card

28  as a means to file suits to erase his debt without the need to file for bankruptcy. (RJN,
Doc. 76)

1  right of privacy that would prevail over the privilege...When the voters adopted

2  California Constitution, article I, section 1, they did so mindful of the preexisting

3  litigation privilege." *Jacob B, supra*, 40 Cal.4th at 1012, 56 Cal.Rptr.3d at 487.

4        Likewise, when the legislature adopted the Rosenthal Act, the legislature was

5  aware of the absolute nature of the litigation privilege and could have crafted special

6  language to indicate it did not apply to the Rosenthal Act.  The legislature chose to not

7  do so.  The Magistrate relies on the principal of statutory construction that a later,

8  more specific statute prevails over an earlier, more general.  The California Supreme

9  Court, however, as regards the litigation privilege, does not find this determinative.

10  Rather, it looks to whether the originator of the legislation, be it legislature or voters,

11  took affirmative steps to indicate that the litigation privilege did not apply.  As regards

12  the Rosenthal Act, the legislature chose to not do so.  Thus, when this Court attempts

13  to determine what the California Supreme Court would decide concerning the

14  litigation privilege, it should be determinative that the legislature did not add specific

15  language to the Rosenthal Act that stated that the absolute protection of the litigation

16  privilege did not apply to causes of actions brought under the Act.  The Magistrate

17  acknowledges that other federal trial court's have found this reasoning convincing,

18  then fails to follow it.  (RJN Doc. 143, P. 9, ln 14-15); *Lopez Reyes v. Kenosian &*

19  *Miele, LLP*, 525 F.Supp.2d 1158, 1165 (N.D. Cal. 2007) (lack of legislative intent

20  determinative on the Rosenthal Act not being exempt from the litigation privilege).

21        Therefore, the District Court should decline to find an exception for the

22  Rosenthal Act to the litigation privilege, and dismiss Gerber's Rosenthal Act claim.

23      **C.**    **MAGISTRATE ERRED IN NOT TAKING JUDICIAL NOTICE OF**

24            **NON DISPUTED STATE COURT PLEADINGS THAT**

25            **ESTABLISHES CLAIM TWO IS TIME BARRED AS TO**

26            **DEFENDANT SHWACHMAN**

27                    **(Defendant Shwachman)**

28  The Magistrate correctly found that the FDCPA statute of limitations is one

—12—

1  year. (RJN, Doc. 143, p. 14, ln 4-8). Additionally, the Magistrate correctly found that

2  the statute runs from the "most recent date on which defendant is alleged to have

3  violated the FDCPA." (RJN Doc. 143, p. 14, ln 7-8).  However, the Magistrate

4  incorrectly found that claim two is not time barred as to Shwachman.

5      Plaintiff's complaint was filed on April 25, 2007. ( RJN, Doc. 12, Exh. A,  p.1).

6  It alleges that the H&Z law partnership was hired by Citi Bank in June 2005 to assist

7  in collecting an alleged debt from plaintiff. (RJN, Doc. 12,  Exh. A, p. 9,  ¶ 31).

8  Though the complaint alleges that Shwachman was an employee of H & R, it does not

9  allege for what time period. (RJN, Doc. 12,  Exh. A, p. 8  ¶ 18).  Only one paragraph

10  of the complaint alleges violations of the FDCPA as to Shwachman by name and it

11  provides no dates for the violations.  (RJN, Doc. 12, Exh. A, p. 11, ¶ 41).

12      The Magistrate erred in not applying the correct standard of review to a claim

13  involving *Noerr-Pennington* protection. (RJN, Doc. 143, p. 3-4).  Where a claim

14  involves the right to petition governmental bodies under *Noerr-Pennington* doctrine

15  (Claim Two), a heightened pleading standard is applied requiring the Plaintiff to

16  satisfy more than the usual 12(b)(6) standard.  *Oregon Natural Resources Council v.*

17  *Mohla*, 944 F.2d 531, 533 (9th Cir. 1991).  A complaint must include allegations of the

18  **specific activities** which bring the defendant's conduct into one of the exceptions to

19  *Noerr-Pennington's* protection.  Conclusory allegations( intentionally omitting dates)

20  are not sufficient so as to strip a defendant's activities of *Noerr-Pennington* protection.

21  *Oregon Natural Resources Council,*  944 F.2d at 533.  The Magistrate fails to even

22  analyze the pleadings in relation to this required standard of review.  Finally, the

23  Magistrate errors in giving Plaintiff' the  benefit of less stringent pleading standard

24  because he is not an attorney and proceeding in pro se. (RJN Doc. 143. P. 3, ln

25  10–11).  In fact, Plaintiff is an attorney on inactive status which the Magistrate takes

26  judicial notice of on the first page of his opinion. (RJN Doc. 143, p. 1, fn 1). Plaintiff

27  filed a 98 page first amended complaint and many motions so far.  This is not

28  / /

1  a typical pro se case involving a non-lawyer, and Plaintiff should not receive any
2  benefit from proceeding in pro se.
3     Shwachman, through his request for judicial notice, established that he was no
4  longer  employed by H&Z during March 2006, which is more than a year and a day
5  from when the complaint was filed. (RJN, Doc. 13,  Exh. B, p. 108).  No violations of
6  the FDCPA are alleged against Shwachman after April 24, 2006. (RJN, Doc. 12,  Exh.
7  A, p. 10-43).  Therefore, there are no violations alleged within one year and a day of
8  filing the complaint, and the second claim fails to state a cause of action against
9  Shwachman because it is time-barred.
10    The doctrine of judicial notice is very broad.  It goes so far as to permit the
11 Court to take judicial notice of its records and the pleadings in other cases.  *Wiley v.*
12 *United States*, 144 F.2d 707, 708 (9th Cir. 1944).  The Court may take judicial notice of
13 state cases.  *Miles v. State of California*, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R.
14 Evid. 201(d).  Moreover, a court may not only judicially notice the existence of a
15 particular document, but the substance of the document as well.  *Sinaloa Lake Owners*
16 *Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1403 (9th Cir. 1989) *cert. denied* 110 S.
17 Ct. 1317 (1990).  Finally, "when the pleader states matters as fact which is out of
18 harmony with facts which the court judicially knows, the averments in the pleading are
19 disregarded." *Greeson v. Imperial Irr. Dist*, 59 F.2d 529, 530 (9th Cir. 1932).
20    Shwachman requested that the Magistrate take judicial notice of a complaint,
21 *Chase Bank USA, N.A. v. Swafford*, Case No. INC 057356, filed in the Riverside
22 Superior Court that he filed as a member of the  JP Morgan Chase Legal Department
23 on March 16, 2006.  (Def. RJN Docket No. 13, Exh. B).  The complaint states
24 Shwachman is a member of JP Morgan Chase Legal Department, bears a state court
25 stamp that the complaint was filed in the Superior Court of California County of
26 Riverside on March 16, 2006, is signed by a member of the firm,[4] Shedrick O. Davis
27
28    [4]  *California Code of Civil Procedure* section 128.7 makes it sanctionable
conduct for an attorney to sign a pleading without determining to the best of a person's

1559065P.objmajdecsn.wpd     **OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**

1   III, and once again lists Shwachman as Attorneys for Plaintiff Chase Bank USA, N.A.

2   There is no reason the Magistrate should not have judicially noticed the fact that as of

3   March 16, 2006, Shwachman was employed by the JP Morgan Chase Legal

4   Department and not Harris & Zide. There is nothing to "infer" from the complaint

5   concerning whom Shwachman was employed by in March 2006 as the Magistrate

6   found. (RJN Doc. 143, p. 14, ln 18-20). Rather, the pleading Shwachman requested

7   that the Magistrate take judicial notice of concerning employment is clear and not

8   controverted.

9         Morever, Plaintiff's failure to provide any dates in his first amended complaint

10  after the statute of limitation defense was raised in Defendant Shwachman's original

11  motion to dismiss is even more reason for the Magistrate to find that Shwachman was

12  employed by JP Morgan Chase Legal Department in March 2006, employment which

13  places him outside the one year statute of limitations for any alleged act under the

14  FDCPA. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc.*

15  *v. CCAIR, Inc.*, 29 F.3d 855, 859 (3rd Cir. 1994).

16        Plaintiff's failure to provide any dates when Shwachman violated the FDCPA

17  places his pleadings out of harmony with the facts the Magistrate knows and should

18  have caused the Magistrate to disregard Plaintiff's pleadings with no dates of

19  violations of the FDCPA by Shwachman and judicially noticed the complaint

20  submitted by Shwachman and its dates that establish that Shwachman was not

21  employed by H&Z in March 2006. This issue is compounded by Plaintiff's failure to

22  comply with heightened pleading standard, including pleading allegations of the

23  ***specific activities*** which bring the defendant's conduct into one of the exceptions to

24  *Noerr-Pennington's* protection. Rather than deal with this issues, the Magistrate

25

26

27  knowledge, information and belief, found after an inquiry reasonable under the
    circumstances, that the facts stated in the complaint are true. There is no reason not to

28  believe the fact stated by attorney Davis that Shwachman was a member of the JP
    Morgan Chase Legal Department.

-15-

1  chose to ignore the obligation placed on Plaintiff to provide specific pleadings with a

2  *Noerr-Pennington* complaint.  Finding that Plaintiff failed to include "dates for all of

3  his allegations," does not mean the Magistrate's duty ceased. (RJN, Doc. 143, P. 8, fn

4  1).  Instead, it is a basis to disregard Plaintiff's pleading and judicially notice

5  Shwachman was not employed by H&Z in March 2006.

6    **D.**    **MAGISTRATE ERRED IN FINDING ALLEGED CONSPIRACY**

7        **WAS NOT PLEAD REQUIRING PLAINTIFF TO OBTAIN**

8        **MANDATORY PRE-FILLING COURT ORDER**

9                **(All Defendants)**

10        The Magistrate erred in misapplying the law concerning California Civil Code §

11  1714.10.  There is no requirement for a cause of action for conspiracy as found by the

12  Magistrate. (RJN, Doc. 143, p. 15, ln 10-11).  Rather, in applying Civil Code §

13  1714.10, the courts have held that a pre-filing order must be obtained where the

14  allegations of a complaint give rise to an alleged civil conspiracy even though the

15  plaintiff labels the cause of action as something other than conspiracy.  *Berg & Berg*

16  *Enterprises, LLC v. Sherwood Partners, Inc.* 131 Cal.App.4th 802, 824, 32 Cal.Rptr3d

17  325, 340 (2005) (label attached to pleading does not determine whether conspiracy

18  alleged).  The Magistrate simply stopped his analysis when there was no cause of

19  action labled conspiracy.

20        The Magistrate erred and ignored the following conspiracy allegations in the

21  complaint.  Plaintiff expressly pled that Citi and H&Z **"conspired ...to contact**

22  **plaintiff directly."**  (RJN, Doc. 73,  Exh. G, p. 260, ¶¶ 42, 43).  Plaintiff claims Citi

23  **"aided and abetted"** its collection agent H&Z. ( RJN, Doc. 73, Exh. G, p.270-

24  271,310,311-312,332  ¶¶ 81, 212, 217, 262).  Further, Plaintiff alleges that Citi

25  worked in close  **"concert"** with H&Z, ...actively inducing, contributing to, aiding and

26  abetting their violations of the federal and state law." (RJN, Doc. 73, Exh. G, p.270-

27  271m 284-285 ¶¶ 81, 123, 124).  Additionally, Plaintiff alleges that Citi engaged in a

28  **"pattern  and practice"** of engaging debt collectors  who would violate the law and

−16−

1  threaten debtors. (RJN, Doc. 73, Exh. G, p. 337-338 ¶ 272). Further, Plaintiff claims

2  that Citi "in **conspiracies with its debt collectors UCB and H&Z**"...engaged in

3  outrageous conduct. (RJN, Doc. 73, Exh. G, p.328-329 ¶ 257) (infliction of

4  emotional distress claims). The conspiracy allegations contained in the FDCPA are

5  re-pled in the Rosenthal Act and Unfair Debt Act Claims. (RJN, Doc. 73, Exh. G, p.

6  310,311-312, 332 ¶¶ 212, 217, 262).

7          Based on the express allegations of the complaint, it is readily apparent that

8  every state pendant Claim alleged against Defendants is predicated upon an alleged

9  conspiracy existing between Defendants and their client Citi. As such, Plaintiff was

10  required to adhere to the mandatory provisions of Civil Code § 1714.10. Since

11  Plaintiff failed to obtain the required pre-filing Order mandated by Civil Code §

12  1714.10, Defendants have an absolute defense to claims seven, fifteen, sixteen and

13  seventeen asserted against it and these claims must be struck.

14  **E.    MAGISTRATE ERRED IN NOT APPLYING CALIFORNIA CODE**

15          **OF CIVIL PROCEDURE SECTION 425.16-THE ANTI-SLAPP**

16          **STATUTE.**

17                          **(All Defendants)**

18          The Magistrate erred in ruling that the state pendant claims, seven, Rosenthal

19  Act, fifteen, Intentional Infliction of Emotional Distress, sixteen, Negligent Infliction

20  of Emotional Distress, & seventeen Unfair Business Act, arising out of these actions

21  are subject to a motion to strike under Section 425.16.

22          We have discussed above in section **II.B** why the litigation privilege provides

23  immunity to the state pendant claims. The Magistrate failure to correctly rule on the

24  immunity issue caused him to incorrectly find that anti-SLAPP statute did not apply.

25  //

26  //

27  //

28  //

—17—

1    **III.    <u>CONCLUSION</u>**

2         Based on the above, the District Court should not approve the Magistrate's

3    Finding and Conclusions contested by Defendants.

4

5    DATED: February 6, 2009            NEMECEK & COLE

6

7                           By _____

8                           JONATHAN B. COLE
                            VINCENT S. GREEN
                            Attorneys for Defendants HARRIS & ZIDE, FLINT
9                           C. ZIDE, and ARTHUR W. SWACHMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1559065P.objmajdecsn.wpd          **OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403.

        On February 6, 2009, I served the document described as **OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** upon the interested parties in this action in sealed envelopes addressed as follows:

See attached service list


X__   **(By Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

__   **(By Overnight Delivery)** I deposited this document in the box or other facility located at 15260 Ventura Blvd., Suite 920, Sherman Oaks, CA 91403 regularly maintained by Overnite Express, in an envelope designated by Overnite Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next business day delivery.

X__   **(By Electronic Submission)** Pursuant to Court order, submitted electronically to the United Stated District Court to be posted to the website and notice given to all parties that document was served.

X__   **(By Facsimile Transmission)** I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown above.

__   **(By Personal Service)** I caused the delivery of such envelope by hand to the offices of the addressee.

Executed on February 6, 2009, at Sherman Oaks, California.


__   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X__   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Francesca Koljan

## <u>SERVICE LIST</u>

| | |
|---|---|
| Joseph E. Gerber, In Pro Per<br>P. O. Box 3222<br>Carmichael, CA 95609<br>Tel:   (916) 944-2250<br>Fax:   (561) 828-8049 | **Via Facsimile and U.S. Mail** |
| Joseph E. Gerber<br>c/o Mark T. Davis, Esq.<br>1126 2nd Street<br>Sacramento, CA 95814<br>Tel:   (916) 944-2107 | **Via Facsimile and U.S. Mail** |
| Theresa M. LaVoie, Esq.<br>Ellis, Coleman, Poirier,<br>    La Voie & Steinheimer, LLP<br>555 University Avenue, Suite 200 East<br>Sacramento, CA 95825<br>Tel:   (916) 283-8820<br>Fax:   (916) 283-8821 | **Via Electronic Submission** |
| Alexandria Kachadoorian, Esq.<br>Strook & Strook & Lavan LLP<br>2029 Century Park East, 18th Floor<br>Los Angeles, CA 90067-3086<br>Tel:   (310) 556-6800<br>Fax:   (310) 556-5959 | **Via Electronic Submission** |

1559065P.objmajdecsn.wpd          **OBJECTIONS TO MAGISTRATE JUDGE'S FINDING & RECOMMENDATIONS**