IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH E. GERBER,
an individual,

    Plaintiff,                                  No. 2:07-cv-0785 FCD JFM PS

    vs.

CITIGROUP, INC., etc., et al.,

    Defendants.

_____/

CITIBANK (SOUTH DAKOTA) N.A.,

    Counterclaimant,

    vs.

JOSEPH E. GERBER, and ROES 1 - 10,

    Counterdefendants.                <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se with an amended complaint alleging, *inter alia*, violation of the Truth in Lending Act, and was referred to the undersigned pursuant to Local Rule 72-302(c)(21). On November 24, 2009, the stay of this action was stayed pending completion of settlement negotiations among the parties. On January 13, 2010, plaintiff filed a status report in which he informs the court that settlement discussions were unavailing and requests this court set this matter for status conference pursuant to Fed. R. Civ. P. 16 and Local Rule 240. Good cause appearing, plaintiff's request will be granted. The stay of this action will be lifted and the case

1

will be set for status conference on March 4, 2010, at 11:00 a.m. before the undersigned in Courtroom #26. The parties are reminded of their obligation to file status reports, pursuant to the September 30, 2009 order, no later than seven days prior to the status conference. (Docket No. 177.)

Now pending before the court is plaintiff's motion to compel joinder and defendants' requests for judicial notice. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

On July 30, 2009, plaintiff filed a motion to compel joinder of all other defendants as parties counterclaimants in the counterclaim of defendant Citibank. Plaintiff's motion is without merit.

First, none of the other defendants are parties to the credit card contract at issue in the counterclaim. Indeed, the contract was between Citibank and plaintiff alone. As for Citigroup, the parent corporation of Citibank, the record demonstrates that Citigroup has consistently disclaimed an interest in the account and denied it is a proper party to this action at all. (Citigroup Opp'n at 6.) The remaining defendants' relationship to plaintiff was based on efforts to collect the debt and, as their counsel point out, their interests are protected by virtue of Citibank's counterclaim. Because none of these defendants were party to the credit card contract, they are not necessary parties to the counterclaim. Fed. R. Civ. P. 19(a); United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999). Despite plaintiff's arguments to the contrary, these defendants would not have a valid claim against plaintiff.

Second, plaintiff's arguments that these defendant "may" attempt to seek setoff or "may" file their own counterclaim are speculative and unavailing. Citibank filed its counterclaim on April 11, 2008. Since that date, none of the other defendants have filed, or expressed an interest in filing, a counterclaim against plaintiff. Their oppositions to the instant motion confirm their lack of interest in filing one. Moreover, any such attempt would be untimely (see

January 29, 2009 findings and recommendations at 17-18), and unavailing given their documented positions herein. Plaintiff's motion to compel joinder will be denied.

Finally, the court notes that at least two defendants filed separate requests for judicial notice of filings contained within the court record and also attached copies of those filings to the request. All parties are advised that this court has electronic access to the pleadings on file herein and it is unnecessary to re-file copies of documents already contained in the court record. Moreover, rather than filing separate requests for judicial notice, counsel may, in the future, simply refer to specific passages or documents contained in the court record. The court will take notice of those filings *sua sponte* without a formal request.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this action is lifted.

2. A status (pretrial scheduling) conference is set for March 4, 2010, at 11:00 a.m. in courtroom #26 before the undersigned.

3. Each party shall file a status report, no later than seven days prior to the status conference, that complies with the September 30, 2009 order (Docket No. 177).

4. Plaintiff's July 30, 2009 motion to compel joinder is denied. (Docket No. 160.)

5. Defendants' requests for judicial notice are granted; however, in the future, counsel shall refrain from filing separate documents seeking request for judicial notice of filings contained within the court record. (Docket Nos. 167-170; 173.)

DATED: January 14, 2010.

UNITED STATES MAGISTRATE JUDGE

/001; gerber.mtj